## Richmond

DOUGLAS B. MEADE v. CLINCHFIELD COAL COMPANY.

June 10, 1974.

Record No. 730922.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Harman and Poff, JJ.

*S. Strother Smith, III; J. Hatcher Johnson (Robert Austin Vinyard; Smith, Robinson & Vinyard,* on brief), for appellant.

*J. Thomas Fowlkes (Penn, Stuart & Eskridge,* on brief), for appellee.

Per Curiam.

Here we must decide whether the employer's payment of medical expenses for the employee was a payment of "compensation" which tolled the twelve-month limitation imposed by Code § 65.1-99.

Douglas B. Meade, the employee, was injured on May 16, 1969, while employed by Clinchfield Coal Company. He received compensation for two periods of disability under an agreement filed with and approved by the Industrial Commission of Virginia (Commission). These weekly payments were terminated, as of June 13, 1971, pursuant to an agreement filed with and approved by the Commission. Such an agreement, when approved by the Commission, is binding upon the parties and, in effect, is an award. Code § 65.1-93.

On October 26, 1972, Meade filed an application for hearing with the Commission alleging a change of condition. The Commission dismissed the application, holding that it had not been filed within 12 months from the last day for which compensation was paid. Code § 65.1-99.

The parties agree that the employer has paid for medical

services rendered to Meade within the 12 months preceding his application of October 26, 1972.

Code § 65.1-99 provides in pertinent part:

"Upon its own motion or upon the application of any party in interest, on the ground of a change of condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded . . . (N)o such review shall be made after twelve months from the last day for which compensation was paid, pursuant to an award under this Act . . . ."

For many years the Commission has held that the voluntary payment of medical expenses by the employer is not the payment of compensation which tolls the running of the statute of limitations. *e.g. Byrd* v. *Manchester Board & Paper Co., Inc.,* 43 O.I.C. 13 (1961); *Higgins* v. *Howard P. Foley Co.,* 44 O.I.C. 122 (1962); *Blevins* v. *Brunswick Corp.,* 50 O.I.C. 35 (1968).

This construction of the statute by the Commission charged with administration of the Workmen's Compensation Act is entitled to great weight. *See Commonwealth* v. *Research Analysis Corp.,* 214 Va. 161, 163, 198 S.E.2d 622, 624 (1973).

While conceding the correctness of the rule laid down by the Commission, Meade argues that it has no application to medical payments *required* to be made by the employer under § 65.1-88. He further asserts that such payments were required here.

Code § 65.1-88 on May 16, 1969, the date of Meade's accident, required the employer to provide necessary medical attention for a period of only 90 days with discretion vested in the Commission to extend the period for a reasonable time, not to exceed three years. Acts, 1968, c. 660. The record fails to disclose that such extended medical services were awarded in the case at bar.

In 1970 the mandatory period was extended to three years, Acts, 1970, c. 470, and in 1972 the General Assembly mandated the furnishing of medical attention of unlimited duration. Acts, 1972, c. 229.

Assuming, but not deciding, that Meade is correct in his contention that the medical payments made by the employer were required by statute, we agree with the Commission that "the last day for which compensation was paid" as used in §

65.1-99 refers only to compensation paid to the employee. To hold otherwise would make the limitation imposed by that section meaningless and of no effect.

*Affirmed.*