COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judges Elder, Humphreys, Kelsey, McClanahan, Petty, Beales,
              Powell and Alston
Argued at Richmond, Virginia


PRINCE WILLIAM COUNTY SCHOOL BOARD
  AND VML INSURANCE PROGRAMS
                                                                        OPINION BY
v.      Record No. 1737-10-2                          JUDGE ROBERT J. HUMPHREYS
                                                                         JULY 12, 2011
MARY E. RAHIM


UPON A REHEARING EN BANC

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Ralph L. Whitt, Jr. (Corey R. Pollard; Whitt & Del Bueno, PC, on
        briefs), for appellants.

        Kathleen Grace Walsh (Law Office of Kathleen Grace Walsh, on
        brief), for appellee.


        Prince William County School Board ("Prince William County") appeals the decision of

the Workers' Compensation Commission ("commission") finding that the wages paid to Mary E.

Rahim ("Rahim") for light-duty work from January 17, 2007, and continuing for a period of

twenty-four months, qualified as compensation paid pursuant to an award under Code

§ 65.2-708(C), and holding that her claim for temporary total disability benefits filed on October

7, 2009, was not barred by the statute of limitations.  On appeal, Prince William County alleges

that the commission erred in its application and interpretation of Code § 65.2-708 when a

compensation benefits award had not been previously entered in this case.  For the following

reasons, we affirm.

## I. BACKGROUND

"On appeal, we view the evidence in the light most favorable to the prevailing party before the commission." Cent. Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App. 264, 269, 590 S.E.2d 631, 634 (2004) (citing Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003)). So viewed, the evidence is as follows.

On January 17, 2007, Rahim sustained a compensable injury by accident to her low back, right knee, and right forearm while she was working for Prince William County. On November 15, 2007, Rahim filed a claim for benefits reporting two separate work accidents that occurred on June 13, 2006, and January 17, 2007, but she did not seek any specific benefits at that time. On September 8, 2008, Rahim filed an amended claim for benefits for the January 17, 2007 accident in which she sought the following benefits: "Compensation for total wage loss for the periods listed below: From: 01/17/2007 To: 09/08/2008[;] Continuing Benefits[;] Payment of lifetime medical costs for this injury and/or disease[; and] Other: Get back any personal sick leave days used."

The commission entered a stipulated order on June 18, 2009, in which the parties stipulated that (1) the injury was compensable; (2) Rahim was receiving an average weekly wage of $423.39 at the time of the accident; (3) Rahim "did not sustain any wage loss or incur any lost time from work but was partially disabled and provided appropriate light duty work by [Prince William County] at or above the pre-injury average weekly wage from January 17, 2007 to the present and continuing"; and (4) Prince William County agreed "to be responsible for reasonable and necessary medical treatment, including surgery, . . . ." The commission then concluded, "[a]ccordingly, a medical-only award is entered in favor of [Rahim] against [Prince William County] for as long as necessary pursuant to [] Code § 65.2-603."

On October 7, 2009, Rahim filed an application for a hearing for a change in condition seeking temporary total disability benefits from August 12, 2009, and continuing. The parties subsequently agreed to submit the issue on the record; and, on February 12, 2010, both parties submitted their position statements. By letter, Rahim specifically sought temporary total disability benefits from August 11, 2009, through October 27, 2009, because her physician removed her from work for a scheduled back surgery, and temporary partial disability benefits from October 28, 2009, through October 30, 2009, based on the loss of eleven hours of work over the three days. Prince William County claimed that Rahim's claim for compensation was barred by the applicable statute of limitations.[1] By letter, faxed to the commission on February 24, 2010, pursuant to its request for confirmation, Prince William County stipulated that Rahim was totally disabled from the date of her surgery, August 18, 2009, through October 27, 2009, that she was partially disabled from October 28, 2009, through October 30, 2009, during which time she worked eleven out of eighteen hours of work, and that she was paid $236.50 in regular wages, and $150.50 from accrued sick leave.

On February 26, 2010, the deputy commissioner found that Rahim's change-in-condition claim was timely filed based on the commission's decision in Fountain v. City of Charlottesville, VWC File No. 221-58-12, 2009 Va. Wrk. Comp. LEXIS 423 (Aug. 7, 2009), despite earlier caselaw to the contrary.[2] The deputy commissioner then found that the light-duty wages paid

_____

[1] Prince William County accepted the medical expenses as compensable, and paid the medical bills related to the surgery.

[2] In Fountain, the commission addressed the issue of whether "compensation" in Code § 65.2-708(C) meant "compensation pursuant to an award." Id. at *5. In that case, the claimant sustained a compensable injury by accident on September 8, 2004, and the commission entered an award on September 23, 2005, for payment of lifetime medical benefits. Id. at *1. On March 31, 2008, the claimant filed a claim for benefits seeking temporary total disability benefits from January 26, 2008, and continuing, permanent partial disability benefits, and medical benefits. Id. The employer stipulated that the claimant had returned to full-duty work, but was subsequently placed on light-duty work with restrictions pursuant to a medical note on April 20, 2006. Id. at

from January 17, 2007, and continuing for twenty-four months are considered compensation paid pursuant to an award under Code § 65.2-708(A) and (C). The deputy commissioner then entered an award for temporary total disability benefits from August 11, 2009,[3] through October 27, 2009, but did not award compensation for partial work incapacity for October 28 – 30, 2009, due to a lack of information in the record establishing the amount paid per day prior to the accident.

Prince William County appealed the decision to the full commission on March 8, 2010. On July 16, 2010, the commission affirmed the deputy commissioner's decision finding that payment of wages to an injured worker is considered compensation pursuant to an award, a determination that they found was consistent with this Court's decision in Gordon v. Ford Motor Co., 55 Va. App. 363, 685 S.E.2d 880 (2009), aff'd, 281 Va. 543, 708 S.E.2d 846 (2011), and held that the claim was timely filed on October 7, 2009. In reaching this conclusion, the commission held that Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 441 S.E.2d 349 (1994), was inapplicable because no formal award had been entered in that case, and the claimant had not asserted that Code § 65.2-708(C) was applicable. In addition, the commission held that Augusta Cnty. Sch. Bd. v. Humphreys, 53 Va. App. 355, 672 S.E.2d 117 (2009), was also

---

*1-2. The claimant then claimed that his wages should be considered compensation, that "compensation" under Code § 65.2-708 was intended to mean all wages paid under subsection C should be considered compensation paid "pursuant to an award," and thus his claim was timely filed under Code § 65.2-708. Id. at *2.

The commission held that "the term 'compensation' under subsection C was intended to mean that all wages paid under the terms of subsection C shall be considered 'compensation pursuant to an award.'" Id. at *6. In reaching this conclusion, the commission noted that "if 'compensation' as used in subsection C does not mean 'compensation pursuant to an award,' then subsection C would be rendered meaningless.'" Id. at *5. It also noted that, "a literal construction of the statute would create a 'manifest absurdity.'" Id. at *5-6.

[3] The deputy commissioner noted that Prince William County agreed that Rahim's work incapacity started on August 18, 2009; but, based on the doctor's note indicating Rahim was not to work starting August 11, 2009, the deputy commissioner found the evidence proved she had total work incapacity beginning August 11, 2009, and continuing through October 27, 2009.

- 4 -

inapplicable because the claimant in that case was awarded compensation for days that she missed work due to medical appointments.

On August 13, 2010, Prince William County appealed the commission's decision to a three judge panel of this Court, which summarily affirmed it on December 21, 2010. On January 25, 2011, this Court granted Prince William County's petition for a rehearing en banc.

## II. ANALYSIS

On appeal, Prince William County contends that "the sole issue before this Court is whether the full Commission . . . erred in its application and interpretation of Code § 65.2-708 and specifically subsection C to this case" in concluding that Rahim's amended claim for benefits based upon a change in her condition was timely filed. However, Prince William County presented the following six assignments of error:

> 1. The full Commission erred in ruling that payment of wages to Rahim is considered compensation pursuant to an award under [] Code § 65.2-708(C)[,] and applying that section when previously there had been no award entered for compensation benefits.
>
> 2. The full Commission erred in applying [] Code § 65.2-708, which grants the Commission power on motion or application for change in condition to make an award "ending, diminishing, or increasing the compensation previously awarded[,]" to a claim for compensation when there has been no compensation previously awarded.
>
> 3. The full Commission erred in finding that the statute of limitations had not expired on compensation benefits and awarding compensation when the claim for compensation was first filed more than two years after the accident.
>
> 4. The full Commission erred in finding that the statute of limitations had not expired on compensation benefits and awarding compensation when the first lost time from work and/or lost wages incurred by Rahim occurred more than two years after the accident.
>
> 5. The full Commission erred in ruling that <u>Mayberry v. Alcoa Bldg. Prod[s.]</u>, 18 Va. App. 18, 441 S.E.2d 349 (1994)[,] was not applicable to the present case.

6. The full Commission erred in ruling that a finding that the statute of limitations had run on compensation in this matter would be "inconsistent with the purpose and the plain words used in the statute."

Since all the issues necessarily focus on the commission's interpretation of Code § 65.2-708, we address the interpretation of that section of the Code, which in turn answers all of the assignments of error.

## A. Standard of Review

"An issue of statutory interpretation is a pure question of law which we review de novo."

Ford Motor Co. v. Gordon, 281 Va. 543, 549, 708 S.E.2d 846, 849 (2011) (citing Conyers v.

Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).

> As to issues of statutory construction, "[a]lthough the practical construction given to a statute by public officials charged with its enforcement is entitled to great weight by the courts and in doubtful cases will be regarded as decisive, when an issue involves a pure question of statutory interpretation, that issue does not invoke the agency's specialized competence but is a question of law to be decided by the courts."

Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010) (quoting

Commonwealth v. Barker, 275 Va. 529, 536, 659 S.E.2d 502, 505 (2008)).

> "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute."

Ford Motor Co., 281 Va. at 549, 708 S.E.2d at 850 (quoting Conyers, 273 Va. at 104, 639 S.E.2d

at 178). Furthermore,

> "we have a duty, whenever possible, to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal. Generally, the Court will look to the whole body of [a statute] to determine the true intention of each part. [A] statute should be read and considered as a whole, and the

- 6 -

> language of a statute should be examined in its entirety to determine the intent of the General Assembly from the words contained in the statute. In doing so, the various parts of the statute shall be harmonized so that, if practicable, each is given a sensible and intelligent effect."

Id. at 549-50, 708 S.E.2d at 850 (quoting Oraee v. Breeding, 270 Va. 488, 498, 621 S.E.2d 48, 52-53 (2005)).

"The purpose of the [Workers' Compensation] Act is to protect employees." Turf Care, Inc. v. Henson, 51 Va. App. 318, 336, 657 S.E.2d 787, 795 (2008) (citing Ellis v. Commonwealth Dep't of Highways, 182 Va. 293, 303, 28 S.E.2d 730, 734 (1944)). "Thus, it is to be 'construed liberally and favorably as to' employees." Id. (quoting Ellis, 182 Va. at 303, 28 S.E.2d at 734); see also Hospice Choice, Inc. v. O'Quin, 42 Va. App. 598, 603, 593 S.E.2d 554, 556 (2004) ("[W]e are guided by the general principle that the Workers' Compensation Act is to be construed liberally in favor of the employee." (citing Creative Dimensions Group v. Hill, 16 Va. App. 439, 442, 430 S.E.2d 718, 720 (1993))); 7-Eleven, Inc. v. Dep't of Envtl. Quality, 42 Va. App. 65, 75, 590 S.E.2d 84, 89 (2003) (en banc) ("'Further, it is a universal rule that statutes . . . which are remedial in nature, are to be construed liberally, so as to suppress the mischief and advance the remedy, as the legislature intended.'" (quoting Bd. of Sup. v. King Land Corp., 238 Va. 97, 103, 380 S.E.2d 895, 897-98 (1989))).

### B. Code § 65.2-708

In this case, the parties disagree as to the application of Code § 65.2-708(C) where an initial award was for medical benefits only, and no initial award for compensation was entered. Prince William County alleges that the commission erred as a matter of law when it held that Code § 65.2-708 and subsection (C) apply where there was no previous award for compensation. However, Rahim contends that this Court should consider the wages paid to Rahim from January

17, 2007, to January 17, 2009, as compensation paid under an award, thus extending the statute of limitations so that her change-in-condition claim filed on October 7, 2009 was timely.

Code § 65.2-601 provides, "[t]he right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." "The purpose of the claim is to put the employer on notice of the injury sustained and its potential liability." Keith v. Ball Metal Beverage Container Corp., 45 Va. App. 50, 53, 608 S.E.2d 501, 502 (2005). While "[a] claim for compensation must be filed within two years after the accident," "the employee is not required to prove the disability during the two-year period." Metro Mach. Corp. v. Lamb, 33 Va. App. 187, 192-93, 532 S.E.2d 337, 339 (2000) (citations omitted). "Instead, the employee's claim must allege a present and existing disability within two years of the accident, and he must prove that disability to receive benefits." Id. at 193, 532 S.E.2d at 339 (citations omitted).

"Pursuant to Code § 65.2-708(A), 'a party may ask the commission to review any award of benefits based upon a change of condition.'" Diaz, 56 Va. App. at 115, 691 S.E.2d at 522 (quoting Gordon, 55 Va. App. at 369, 685 S.E.2d at 883). Subsection A provides in relevant part,

> [u]pon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any *award* and on such review may make an award ending, diminishing, or increasing the compensation previously awarded . . . . *No such review shall be made after twenty-four months from the last day for which compensation was paid*, pursuant to an award under this title, except [under certain circumstances not applicable in the instant case].

(Emphasis added).[4]

---

[4] The Virginia Workers' Compensation Act defines "Change in condition" as "a change in physical condition of the employee as well as any change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation." Code § 65.2-101.

- 8 -

"Code § 65.2-708(C) operates as a tolling provision that extends subsection A's limitation by expanding the definition of 'compensation' under subsection A to include wages which meet certain conditions." Ford Motor Co., 281 Va. at 550, 708 S.E.2d at 850. Code § 65.2-708(C) specifically provides,

> [a]ll wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation.

Therefore, "Code § 65.2-708(C) tolls the operation of the subsection A statute of limitations in the same manner as the payment of compensation pursuant to an award." Ford Motor Co., 281 Va. at 551, 708 S.E.2d at 851.

In construing the two sections, the Supreme Court recently held that "the two subsections 'operat[e] in conjunction with each other. Subsection C is not a stand-alone provision – it instead provides a definition for the tolling mechanism applied to subsection A, where a claimant has received wages (rather than compensation) as provided in subsection C.'" Id. (quoting Gordon, 55 Va. App. at 373, 685 S.E.2d at 885).

Although Prince William County contends that this Court established in Mayberry, 18 Va. App. 18, 441 S.E.2d 349, that Code § 65.2-708 does not apply where compensation benefits have not been previously awarded that can be "ended, diminished or increased," we find that holding limited to the facts of that case. In Mayberry, this Court held that, "[b]ecause Mayberry did not file a timely application or demonstrate any disability during the two year period, Mayberry cannot be awarded compensation for total disability . . . ," and further that, "because no award for work incapacity was ever entered, Mayberry's application . . . cannot be treated as an application for a change in condition." Id. at 20, 441 S.E.2d at 350. However, the context in which this Court reached this determination was that no claim seeking lost wages was ever filed

nor were lost wages incurred, and no formal award was ever entered.  Id. at 20-21, 441 S.E.2d at 350-51.

Mayberry's initial claim's application was for medical benefits only.  The employer then voluntarily paid the medical expenses, and the commission never entered a formal award for either medical benefits or for work incapacity.  This Court then concluded that there was "nothing to review on a change in condition application," because there had been no formal award entered by the commission, and "'voluntary payment of medical expenses by the [insurer] is not the payment of compensation which tolls the running of the statute of limitations.'"  Id. at 21, 441 S.E.2d at 350-51 (quoting Meade v. Clinchfield Coal Co., 215 Va. 18, 19, 205 S.E.2d 410, 411 (1974)).  Thus, the conclusion that "Code § 65.2-708(A) is inapplicable because there was no compensation previously awarded which could be ended, diminished or increased" was reached because there had been "no *formal* award [] ever entered by the commission."  Id. at 21, 441 S.E.2d at 350.  In addition, the claimant in Mayberry never raised the issue that Code § 65.2-708(C) was applicable, and thus this Court did not address it in that case.  Therefore, Mayberry does not address the issue presently before this Court.

In Humphreys, this Court in dicta stated, "[t]he school board correctly asserts that, where the commission has entered a 'medical benefits only' award for a compensable injury, any subsequent claim for compensation (i.e. lost wages) arising from that injury must be filed within two years from the date of the injury."  53 Va. App. at 360, 672 S.E.2d at 119 (citing Keith, 45 Va. App. 50, 608 S.E.2d 501; Mayberry, 18 Va. App. 18, 441 S.E.2d 349).  Yet, this Court held in that case that the claimant's application for a change in condition was timely filed because even though the award entered was only for medical benefits, she had "received the equivalent of an award for compensation . . ." when she received wages for days she had missed from work for medical appointments.  Id. at 366, 672 S.E.2d at 122.  Contrary to the situation in Humphreys, a

portion of Rahim's salary in this case was not treated as "payment of compensation for lost wages under the Workers' Compensation Act." Id. at 361, 672 S.E.2d at 120. Moreover, this Court is not bound by dicta language in a prior holding. See Newman v. Newman, 42 Va. App. 557, 566, 593 S.E.2d 533, 538 (2004) (en banc) ("'It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which these expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in the subsequent suit when the very point is [involved] for decision. Dicta cannot 'serve as a source of binding authority in American jurisprudence.'" (alteration in original) (citations omitted)).

In turning to the plain language of the statute, Code § 65.2-708(A) provides that "the Commission may review *any* award *and* on such review may make an award ending, diminishing, or increasing the *compensation previously awarded* . . . ." (Emphasis added).[5] Code § 65.2-101 defines an "award" as "the grant or denial of benefits or other relief under this title or any rule adopted pursuant thereto." While Prince William County alleges that the language "make an award ending, diminishing, or increasing the *compensation previously awarded*" defines and limits the review to what was "previously awarded," the legislature did not include any such limitation when it plainly stated "the Commission may review *any* award . . . ."

---

[5] To the extent that any disagreement we have with the dissent suggests that the statutory language is not as "plain" as both we and the dissent believe it to be, the same result would be reached since the statute is remedial in nature, and any ambiguity is to be construed in favor of the employee. "'If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.'" Ford Motor Co., 281 Va. at 549, 708 S.E.2d at 850 (quoting Conyers, 273 Va. at 104, 639 S.E.2d at 178). The legislative intent behind "the [Workers' Compensation] Act is to protect employees." Turf Care, Inc., 51 Va. App. at 336, 657 S.E.2d at 795 (citing Ellis, 182 Va. at 303, 28 S.E.2d at 734). "Thus, it is to be 'construed liberally and favorably as to' employees." Id. (quoting Ellis, 182 Va. at 303, 28 S.E.2d at 734). Therefore, as we note below, the interpretation of Code § 65.2-708 reached by this Court is consistent with the remedial nature of the Workers' Compensation Act in that it is liberally construed to protect employees.

Code § 65.2-708(A) (emphasis added). There is no limiting language in the statute as to the nature or type of award previously awarded in order for the commission to review a change-in-condition application under Code § 65.2-708(A) (i.e. lost wages award, medical benefits award, etc.), nor is there any statutory language stating that the award the commission enters upon review must relate specifically to a prior award. See Ford Motor Co., 281 Va. at 551, 708 S.E.2d at 851 ("Code § 65.2-708, in particular, contemplates a series of awards by authorizing the commission to 'review *any* award' upon 'the ground of a change in condition,' and 'on such review . . . make an award ending, diminishing or increasing the compensation previously awarded . . . .'" (emphasis in original)); see also Mayberry, 18 Va. App. at 21, 441 S.E.2d at 350-51 ("'It is impossible to have a change in condition without a prior award.'" (quoting Allen v. Mottley Constr. Co., 160 Va. 875, 886, 170 S.E. 412, 416 (1933))); Allen, 160 Va. at 886, 170 S.E. at 416 ("A change in condition is based upon an award in a compensable case.").

Accordingly, if there has been a previous award entered by the commission, "the determining factor concerning whether a change-in-condition application is time-barred under Code § 65.2-708(A) is the date 'for which compensation was [last] paid, pursuant to an award . . . .'" Ford Motor Co., 281 Va. at 551, 708 S.E.2d at 851 (alteration in original). In determining the date for which compensation was last paid, the tolling provision in Code § 65.2-708(C) "tolls the operation of the subsection A statute of limitations in the same manner as the payment of compensation pursuant to an award." Id. Therefore, once an award is entered, the statute of limitations provided in Code § 65.2-708(A) then begins to run after the date of the entry of the award from either the date compensation was last paid pursuant to the award or pursuant to subsection C.

This interpretation is also consistent with the legislature's intent in enacting this statute. Scott v. Scott, 16 Va. App. 815, 819, 433 S.E.2d 259, 262 (1993) ("'[A] statute should, if possible, be given a reasonable construction which will effect rather than defeat a legislative purpose evident from the history of the legislation.'" (quoting Ambrogi v. Koontz, 224 Va. 381, 389, 297 S.E.2d 660, 664 (1982))).  In Scott, this Court stated,

> [Code § 65.1-55.1, now codified in Code § 65.2-708(C),] was designed to prevent possible abuse by employers of the two year limitation period set forth in Code § 65.1-99[, now codified in Code § 65.2-708(A)].  Greene v. Gwaltney of Smithfield, Inc., 13 Va. App. 486, 492, 413 S.E.2d 650, 654 (1992).  The General Assembly enacted Code § 65.1-55.1[, now codified in Code § 65.2-708(C),] to prevent employers from lulling partially disabled workers into a false sense of security during this two year period by providing employees light duty work at their pre-injury wage for two years and then terminating the employee without liability for future disability benefits.

16 Va. App. at 819, 433 S.E.2d at 262; see also Diaz, 56 Va. App. at 121, 691 S.E.2d at 526 ("It is true we held in Greene, 13 Va. App. at 492, 413 S.E.2d at 654, that the legislature, in enacting Code § 65.1-55.1, 'recognized the problem identified by Greene' . . . ."); Greene, 13 Va. App. at 492, 413 S.E.2d at 655 ("Thus, a partially disabled employee who is paid wages for selective employment at or equal to his or her pre-injury wage is afforded an additional twenty-four months before the statute of limitations of Code § 65.1-99 begins to run.").  This interpretation of Code § 65.2-708 is consistent in that it prevents an employer from "lulling [a] partially disabled worker[] into a false sense of security" through its continued employment of the partially injured employee at his pre-injury wage for two years, only to have the employer later use a medical-only award to allege that a change-in-condition claim for compensation filed more than two years after the date of the accident is barred by the statute of limitations.  Scott, 16 Va. App. at 819, 433 S.E.2d at 262.

In turning to the facts of this case, Rahim filed a claim with the commission on November 15, 2007, well within two years of the accident. See Code § 65.2-601. On September 8, 2008, she filed an amended claim for benefits seeking compensation for total wage loss from January 17, 2007, to September 8, 2008, continuing benefits, lifetime medical costs for the injury, and compensation for any sick days used. The commission then entered a "medical-only award" on June 18, 2009, in which the parties stipulated that Rahim had "sustained compensable injuries," had not "sustain[ed] any wage loss or incur[red] any lost time from work," was "partially disabled" but was "provided appropriate light duty work . . . at or above the pre-injury average weekly wage from January 17, 2007 to the present and continuing."

Applying the plain meaning of Code § 65.2-708 to the facts of this case, the "medical-only award" – which was predicated on the stipulated fact that Rahim had not lost work and was receiving her pre-injury wages – entered by the commission on June 18, 2009, triggered the "any award" requirement of Code § 65.2-708(A). Thus, once the award was entered, Rahim had twenty-four months from the last day compensation was paid either pursuant to an award or pursuant to the requirements of subsection C within which to file a change-in-condition claim. Though the commission held that the payment of wages from January 17, 2007, and continuing for twenty-four months, was the compensation pursuant to an award that tolled the statute of limitations, because the June 18, 2009 award is the statutory trigger, the payment of wages must have occurred after June 18, 2009, to be considered compensation pursuant to an award.

The record before us is unclear whether Rahim was "provided work within [her] capacity at a wage equal to or greater than [her] pre-injury wage . . . " from June 18, 2009, through August 11, 2009, such that the tolling provision in subsection C applies. Code § 65.2-708(C). While the stipulated order entered on June 18, 2009, provided that Rahim "did not sustain any

wage loss or incur any lost time from work" and was "provided appropriate light duty work . . . at or above the pre-injury average weekly wage from January 17, 2007 to the present and continuing," there is nothing in the record indicating that Rahim did not sustain any wage loss or incur lost time from work after June 18, 2009, other than facts alleged by Rahim and not disputed on brief by Prince William County. In addition, the order of the commission held that the wages for light duty paid from January 17, 2007, and continuing for twenty-four months – January 17, 2009 – was compensation, and did not address whether she was paid wages meeting the requirements of subsection C from June 18, 2009, until August 11, 2009.[6] Thus, there is no finding by the commission that Rahim received wages for light duty from June 18, 2009, until she was out of work for the surgery on August 11, 2009. Therefore, we remand for a determination by the commission of whether the statute of limitations in Code § 65.2-708(A) was tolled June 18, 2009 – the date the medical-only award was entered – until August 11, 2009, when she stopped working due to her surgery. Accordingly, we hold that while this claim was not barred by the statute of limitations, we remand for a determination by the commission of

---

[6] In its written statement to the full commission on May 13, 2010, Prince William County asserted, "[a]lthough [Rahim] . . . was partially disabled due to the accident, she was immediately given light duty work at or above her pre-injury wage, and therefore, there was nothing upon which an award of compensation could have been entered until over two and a half years after the accident." Prince William County also noted that, "there was no credible evidence that [Rahim] sustained any wage loss or lost time from work until more than two years had elapsed from the date of the accident . . . ." Yet, Prince William County never addressed whether Rahim received light-duty wages through August 11, 2009. In her letter statement in opposition to the appeal to the full commission on May 28, 2010, Rahim alleged that "Rahim has never been able to return to her pre-injury job[,] but was released to light duty after the accident and continued to perform light duty work until August 12, 2009 when her treating physician took her completely out of work and she underwent back surgery." However, the commission was silent in its order regarding whether she was provided light-duty work until August 12, 2009, and it only addressed the period of twenty-four months after January 17, 2007.

when the statute of limitations under Code § 65.2-708(A) began to run – June 18, 2009, or August 11, 2009.[7]

### III. CONCLUSION

For the foregoing reasons, we hold that the commission did not err in concluding that Rahim's amended claim for temporary total disability benefits based upon a change in her condition was not barred by the statute of limitations. Thus, we affirm the commission's decision regarding the statute of limitations because, with respect to either date, the amended claim was timely filed. However, we remand for a determination by the commission of which date is utilized to determine when the statute of limitations under Code § 65.2-708(A) began to run.

<u>Affirmed and remanded.</u>

---

[7] If the commission determines that the statute of limitations was not tolled until August 11, 2009, Rahim's change-in-condition application filed on October 7, 2009, was nevertheless still timely filed since it was filed four months after the June 18, 2009 award – well within the two-year statute of limitations in Code § 65.2-708(A).

Kelsey, with whom McClanahan, Beales and Powell, JJ., join, dissenting.

I would read Code § 65.2-708 as written — add nothing to it, subtract nothing from it. Whether it "may or may not be better public policy" to do otherwise, "such judgments are not ours to make." Washington v. Commonwealth, 46 Va. App. 276, 283, 616 S.E.2d 774, 778 (2005) (*en banc*), aff'd, 272 Va. 449, 634 S.E.2d 310 (2006).

Code § 65.2-708(A) provides the commission authority to review an award if a "change in condition" has occurred. On "*such* review," the commission "may make an award ending, diminishing or increasing the *compensation previously awarded* . . . ." Code § 65.2-708(A) (emphasis added). End, diminish, increase — all three powers presuppose, as the statutory text makes explicit, a *prior* award of compensation.

Absent "compensation previously awarded," id., the commission cannot exercise its review power with respect to compensation benefits. To be sure, in granting only these three powers (ending, diminishing, or increasing a prior award of compensation), the General Assembly conspicuously declined to enlarge the scope of Code § 65.2-708(A) to include a fourth power (making an initial award of compensation).[8] If that were not true, the end-diminish-increase language in the statute would be wholly superfluous.

_____

[8] For nearly two decades, this has been the prevailing view. See, e.g., Augusta Cnty. Sch. Bd. v. Humphreys, 53 Va. App. 355, 360, 672 S.E.2d 117, 119 (2009) ("The school board correctly asserts that, where the commission has entered a 'medical benefits only' award for a compensable injury, any subsequent claim for compensation (i.e., lost wages) arising from that injury must be filed within two years from the date of the injury."); Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 21, 441 S.E.2d 349, 351 (1994) ("Code § 65.2-708(A) is inapplicable because there was no compensation previously awarded which could be ended, diminished or increased."), aff'g, VWC File No. 154-32-55 (Dec. 11, 1992) ("Even if the Commission had entered an award providing for medical treatment where there has been no prior award of compensation, an employee has only two years from the date of accident to file a claim for work incapacity."). See also Wooten v. Intermet Foundry, VWC File No. 223-57-04, 2010 Va. Wrk. Comp. LEXIS 535, at *1-2, *8 (Aug. 27, 2010) (After "entry of an Award for medical benefits only," a compensation claim "cannot be treated as a change in condition since no award for work incapacity was ever entered."); Nuara v. Obrist Ams., Inc., VWC File No. 237-13-17, 2010 Va. Wrk. Comp. LEXIS 384, at *8-9 (July 15, 2010) (explaining that despite "an outstanding medical benefits award," a claimant cannot seek wage loss benefits in a change-in-condition application

- 17 -

Equally important, a prior award of medical benefits is not an award of compensation. The "'conventional meaning' of compensation includes only 'wage loss compensation, also commonly known as 'indemnity payments.'" <u>Uninsured Emp'rs Fund v. Wilson</u>, 46 Va. App. 500, 503, 619 S.E.2d 476, 478 (2005). "That definition would necessarily exclude medical benefits, which usually involve payments to third-party medical providers." <u>Id.</u>; see <u>Meade v. Clinchfield Coal Co.</u>, 215 Va. 18, 205 S.E.2d 410 (1974) (holding medical benefits are not "compensation" under former Code § 65.1-99, the predecessor to Code § 65.2-708(A)). Thus, Rahim's award order — which expressly declares itself a "medical-only award" — does not constitute an award of compensation, as the term is ordinarily understood.

The majority correctly avoids the temptation of redefining compensation to encompass a medical-only award. Nonetheless, the majority accomplishes the same result by enlarging the scope of "such review" under Code § 65.2-708(A). With respect to compensation, "such review" includes only the statutory power to "make an award ending, diminishing or increasing the compensation previously awarded." Code § 65.2-708(A). To remedy this omission, the majority amends the statute by adding the power to make an initial award of compensation. In

---

"if no award for work incapacity was ever entered"); <u>Linkous v. Wheatland Ret.</u>, VWC File No. 227-07-67, 2009 Va. Wrk. Comp. LEXIS 465, at *4-5 (Feb. 17, 2009) (noting "the Commission has no jurisdiction to award the claimant wage loss benefits" under Code § 65.2-708 because "the Commission did not previously award wage loss compensation"); <u>Jones v. Dominion Va. Power</u>, VWC File No. 212-79-34, 2006 Va. Wrk. Comp. LEXIS 802, at *2 (Sept. 14, 2006) (affirming deputy commissioner's finding that, because a prior award "was for medical benefits only, the provisions of Code § 65.2-708 did not apply, and the claimant was required to file a claim for wage loss within two years of the date of accident pursuant to Code § 65.2-601"); <u>Boyette v. Va. Dep't of Transp.</u>, VWC File No. 191-25-71, 2002 Va. Wrk. Comp. LEXIS 554, at *1-2 (Mar. 25, 2002) (noting an award entered "for medical benefits only" with "claimant work[ing] light duty capacity at pre-injury wages" does not amount to a prior award of compensation under Code § 65.2-708); <u>Nowlin v. Westvaco Corp.</u>, VWC File Nos. 170-74-58 & 170-74-59, 1996 Va. Wrk. Comp. LEXIS 581, at *2 (Feb. 13, 1996) ("Where there has been an award for medical benefits only, Code § 65.2-708 is inapplicable because there has been no prior award of compensation."); <u>James v. Morton G. Thalhimer Servs. Corp.</u>, VWC File No. 143-06-95 (Aug. 13, 1992) (stating Code § 65.1-99, the predecessor of Code § 65.2-708, became "operative only when there has been a prior award of compensation").

other words, the express statutory power to end, diminish, or increase a *prior award* of compensation has been judicially expanded to include an implied power to make an award of compensation *in the first instance*.[9]

No matter how liberally we construe the Workers' Compensation Act, we cannot "judicially graft" an unwritten provision into the statute, Cent. Va. Obstetrics & Gynecology Assocs. v. Whitfield, 42 Va. App. 264, 280, 590 S.E.2d 631, 640 (2004), under the subtle "guise of judicial interpretation," Holly Hill Farm Corp. v. Rowe, 241 Va. 425, 431, 404 S.E.2d 48, 51 (1991). The one canon of construction that precedes all others is that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 296 (2006) (citation omitted). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" Barnhart v. Sigmon Coal Co., 534 U.S. 438, 462 (2002) (citation omitted). "We can only administer the law as it is written." Wilson, 46 Va. App. at 506, 619 S.E.2d at 479 (citation omitted).

In sum, the express grant of authority in Code § 65.2-708(A) to review a prior award of compensation does not include an implied power to make an initial award of compensation. Because there was no initial award of compensation in this case, it necessarily follows there was no compensation award "upon review" to end, diminish, or increase under Code § 65.2-708(A).[10]

_____

[9] The heavy reliance of the majority on Ford Motor Co. v. Gordon, 281 Va. 543, 708 S.E.2d 846 (2011), adds little to the analysis. In that case, there were multiple "awards of compensation" prior to the commission's exercise of its award-review authority under Code § 65.2-708. Id. at 546, 708 S.E.2d at 848. Equally inapt is the majority's discussion of subsection C of § 65.2-708, which merely tolls the limitation extension period of subsection A. Nothing in subsection C grants the commission the power to make an initial award of compensation over and above its express statutory power to end, diminish, or increase a prior award of compensation.

[10] For reasons unexplained in the record, Rahim's counsel did not ask the commission to reserve jurisdiction in its medical-only award to consider anticipated, but unripe, future wage claims. As Professor Larson has explained, the "ability to reserve continuing jurisdiction can be

I thus respectfully dissent.

suitably exercised in cases where the injured worker is, through some fortuity, currently earning wages at least equal to his or her pre-injury earnings, but it is clear that the worker has indeed suffered a loss in wage earning potential which will manifest itself in the future."  8 Lex K. Larson, Larson's Workers' Compensation Law § 131.05[3][c], at 131-57 to -58 (2010).

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **25th** *day of* **January, 2011**.

Prince William County School Board and
  VML Insurance Programs,                                          Appellants,

 against               Record No. 1737-10-2
                            Claim No. 233-47-53

Mary E. Rahim,                                                Appellee.

Upon a Petition for Rehearing En Banc

Before the Full Court

On January 4, 2011 came the appellant, by counsel, and filed a petition requesting that the Court set aside the judgment rendered herein on December 21, 2010, and grant a rehearing *en banc* on the issue(s) raised in the petition.

On consideration whereof, the petition for rehearing *en banc* is granted with regard to the issue(s) raised therein, the mandate entered herein on December 21, 2010 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35(b). The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter. It is further ordered that the appellant shall file twelve additional copies of the appendix previously filed in this case. In addition, any party represented by counsel shall file twelve electronic copies of their brief (and the appendix, if the party filing the appendix is represented by

counsel) with the clerk of this Court. The electronic copies must be filed on twelve separate CDs or

DVDs and must be filed in Adobe Acrobat Portable Document Format (PDF).[1]

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

---

[1] The guidelines for the creation and submission of a digital brief package can be found at www.courts.state.va.us, in the Court of Appeals section under "Resources and Reference Materials."

COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


PRINCE WILLIAM COUNTY SCHOOL BOARD AND
  VML INSURANCE PROGRAMS

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1737-10-2                         PER CURIAM
                                                    DECEMBER 21, 2010
MARY E. RAHIM


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Ralph L. Whitt, Jr.; Corey R. Pollard; Whitt & Del Bueno, on
              briefs), for appellants.

              (Kathleen Grace Walsh, on brief), for appellee.


       Prince William County School Board and its insurer, VML Insurance Programs

(collectively "employer") appeal a decision of the Workers' Compensation Commission.

Employer contends the commission erred in (1) concluding the payment of wages is

compensation pursuant to an award under Code § 65.2-708(C); (2) applying Code § 65.2-708 to

a claim for compensation where there had been no compensation previously awarded;

(3) concluding the statute of limitations had not expired on compensation benefits and awarding

compensation when the claim for compensation was first filed more than two years after the

accident; (4) concluding the statute of limitations had not expired on compensation benefits and

awarding compensation when the first lost time from work and/or lost wages incurred by Rahim

occurred more than two years after the accident; (5) ruling Mayberry v. Alcoa Bldg. Products, 18

Va. App. 18, 441 S.E.2d 349 (1994), was not applicable in this case; and (6) determining a

conclusion that the statute of limitations had run on compensation in this matter would be

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"inconsistent with the purpose and the plain words used in the statute." We have reviewed the record and the commission's opinion and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion. <u>See</u> <u>Rahim v. Prince William (County of) School Board</u>, VWC File No. 233-47-53 (July 16, 2010). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>