UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Beales and Senior Judge Clements


MARY L. BATTLE

                                                        MEMORANDUM OPINION[*]
v.        Record No. 1860-13-1                               PER CURIAM
                                                          MARCH 4, 2014
SEVAMP/SENIOR SERVICES OF
  SOUTHEASTERN VIRGINIA AND
  TECHNOLOGY INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Mary L. Battle, *pro se*, on brief).

              No brief for appellees.


        Mary L. Battle appeals a decision of the Workers' Compensation Commission finding

that Battle's claim for temporary total disability benefits is barred by the statute of limitations.[1]

We have reviewed the record and the commission's opinion and find that this appeal is without

merit.[2]  Accordingly, we affirm the commission based on the Court's findings and holdings in

Prince Wm. Cnty. Sch. Bd. v. Rahim, 58 Va. App. 493, 506, 711 S.E.2d 241, 248 (2011) (en

banc), aff'd, 284 Va. 316, 733 S.E.2d 235 (2012) ("once an award is entered, the statute of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant includes five assignments of error in her opening brief.  The first three issues relate to the commission's holding that the statute of limitations bars her claim.  The last two issues are as follows:  "Commission erred holding MARY L. BATTLE and MARY BATTLE under the same JCN: 2337535" and "What happened to MARY L BATTLE under JCN: 2337535?"  Appellant does not state how the commission erred, nor does she cite to any legal authority to support her arguments.  Therefore, the Court will not consider these issues.  Rule 5A:20; see Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998) ("there is no ruling for us to review on appeal").

[2] On February 5, 2014, this Court received appellant's motion for leave to amend a portion of her opening brief.  Appellant's motion is granted.

limitations provided in Code § 65.2-708(A) then begins to run after the date of the entry of the award from either the date compensation was last paid pursuant to the award or pursuant to subsection C [of Code § 65.2-708]"). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[3] <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>

---

[3] <u>See</u> <u>Battle v. Sevamp, Inc. and Technology Ins. Co.</u>, VWC File No. JCN 2337535 (Sept. 3, 2013).