COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys,* Beales and Lorish
Argued at Richmond, Virginia

**PUBLISHED**

LUCINDA WALKER

                                                          OPINION BY
v.        Record No. 1265-22-2                    JUDGE LISA M. LORISH
                                                        JANUARY 16, 2024

VIRGINIA DEPARTMENT OF CORRECTIONS—
 GREENSVILLE CORRECTIONAL CENTER

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Brody H. Reid (ReidGoodwin, PLC, on brief), for appellant.

Emily O. Sealy, Assistant Attorney General (Jason S. Miyares,
Attorney General; Steven G. Popps, Deputy Attorney General;
Jacqueline C. Hedblom, Section Chief; Scott John Fitzgerald, Unit
Manager, on brief), for appellee.


        Lucinda Walker injured her ankle while working for the Virginia Department of

Corrections.  The Department and Walker agreed that the Department would pay for medical

benefits connected to her injury, and the Workers' Compensation Commission entered an award

agreement formalizing the same.  Two years and twelve days later, Walker filed a claim for

temporary total disability based on a change in condition.  Such a claim is timely under Code

§ 65.2-708(A) if filed within 24 months from the last date compensation was paid pursuant to an

award of compensation.  The Commission found Walker's claim was barred by the statute of

limitations because the Commission's award was not an "order of compensation" but "medical

only."  Because we conclude Code § 65.2-708(C) defines the voluntary payment of equal wages for

---

        * Judge Humphreys participated in the hearing and decision of this case prior to the
effective date of his retirement on December 31, 2023.

light-duty work to be "compensation paid pursuant to an award of compensation," and Walker's claim was filed within two years of the last day she received qualifying wages, we disagree and find her claim was timely.

BACKGROUND

The facts are undisputed. Walker injured her ankle on June 24, 2019, while working for the Department. Within a month, she filed a claim with the Commission seeking an award for medical benefits in connection with her injury. The Department agreed to pay for medical benefits related to Walker's injury, so the parties executed an award agreement. In August 2019, the Commission entered a "Medical Only Award Order" adopting that agreement.

Due to her ankle injury, Walker was restricted to light-duty work from June 24, 2019 to August 1, 2019, from October 17, 2020 to December 17, 2020, and again from May 26, 2021 to July 22, 2021. During these time periods, the Department paid Walker full wages for her light-duty work.

On July 6, 2021, Walker filed a claim requesting a retroactive, continuing award of temporary total disability wage loss benefits starting from the first day she was restricted to light-duty work.[1] Walker subsequently filed a letter with the Commission explaining that she was still experiencing pain after being treated by two approved doctors and going to multiple appointments with them over a 23-month period. She explained that these doctors had misdiagnosed her injuries and that she was finally referred to an orthopedic specialist. That specialist took multiple X-rays and determined that the "tendon in [her] left foot [was] torn" and needed surgical correction. Walker clarified that she sought "lost time benefits for the amount of time [she would] be out of work for surgery and recovery." Walker completed her surgery, and amended her claim to include

---

[1] Walker also requested an award of temporary partial disability benefits but later abandoned that claim.

an additional request of temporary total disability benefits from the date of surgery, July 23, 2021, through October 4, 2021.

The case proceeded to a hearing before a deputy commissioner, during which the parties stipulated that their sole dispute was whether Walker's claim for temporary total disability benefits was barred by the statute of limitations.[2] At the parties' request, the deputy commissioner directed the parties to brief the issue. The Department argued that Walker's claim, filed two years and twelve days after her injury, was barred by the two-year statute of limitations set forth under Code § 65.2-601. Walker contended, however, that Code § 65.2-708(C) tolled the statute of limitations and that she could file a claim based on a change in condition up to two years after the Department last paid her full wages for light-duty work, or until July 22, 2023.

The deputy commissioner issued an opinion agreeing with the Department that Walker's claim was barred by the statute of limitations. Walker appealed the deputy commissioner's decision to the full Commission, which affirmed the same. Walker now appeals the full Commission's decision.

ANALYSIS

The only question for review is whether Walker's claim was barred by the statute of limitations set out in the Workers' Compensation Act. "An issue of statutory interpretation is a pure question of law which we review de novo." *Ford Motor Co. v. Gordon*, 281 Va. 543, 549 (2011). "When the language of a statute is unambiguous, we are bound by the plain meaning of that language." *Id.* (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)). Thus, "we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." *Id.* Where a "statute is

---

[2] The Department agreed to cover the cost of surgery on July 23, 2021, and also conceded that Walker was totally disabled from July 23, 2021, to October 4, 2021, while recovering from the surgery.

subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute." *Id.* Because the Act is "remedial legislation[,]" it must be "liberally construed in favor of the injured employee." *E.I. du Pont de Nemours & Co. v. Eggleston*, 264 Va. 13, 17 (2002).

In general, "[a]n employee must assert against his employer 'any claim that he might have for any injury growing out of the accident' within the two-year statute of limitations period found in Code § 65.2-601." *Philip Morris USA, Inc. v. Mease*, 62 Va. App. 190, 198 (2013) (quoting *Shawley v. Shea-Ball Constr. Co.*, 216 Va. 442, 446 (1975)). An employee may receive compensation for qualifying injuries. *See* Code §§ 65.2-500 to -531. Because injuries may change over time, the Act allows an employee to seek review from the Commission based on changed circumstances. *See* Code § 65.2-708(A).

In 2013, the legislature amended the part of the Act dealing with changes in condition. It remains the case that Code § 65.2-708(A) ("subsection A") authorizes further review based on a "change in condition," but the italicized qualifying language was added:

> Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award *of compensation* and on such review may make an award ending, diminishing or increasing the compensation previously awarded . . . . No such review shall be made after 24 months from the last day for which compensation was paid, pursuant to an award under this title . . . .[3]

The legislature also amended Code § 65.2-708(C) ("subsection C") of the same "change in condition" statute, adding the following italicized language:

> All wages paid, for a period not exceeding 24 consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage shall be considered compensation *paid pursuant to an award of compensation but shall not result in a reduction of the maximum*

---

[3] Code § 65.2-708(A) identifies exceptions that are not applicable to this case.

- 4 -

*number of weeks of compensation benefits as described in §§ 65.2-500 and 65.2-518.*

These amendments followed decades of caselaw interpreting an ever-evolving Act. "[P]rior to 1932, no time limit was imposed upon the filing of an application for review based upon a change of condition." *Buenson Div., Aeronca, Inc. v. McCauley*, 221 Va. 430, 432 (1980). After instituting a limitations period, the General Assembly later added the provision now codified as subsection C "to prevent possible abuse by employers of the two-year limitation period" that otherwise applies under subsection A. *Scott v. Scott*, 16 Va. App. 815, 819 (1993). More precisely, the General Assembly enacted subsection C "to prevent employers from lulling partially disabled workers into a false sense of security during this two-year period by providing employees light duty work at their pre-injury wage for two years and then terminating the employee without liability for future disability benefits." *Id.* An employer may not pay the injured employee his pre-injury wage for two years, "only to have the employer later use a medical-only award to allege that a change-in-condition claim for compensation filed more than two years after the date of the accident is barred by the statute of limitations." *Prince William Cnty. Sch. Bd. v. Rahim*, 58 Va. App. 493, 507 (2011) (en banc) (quoting *Scott*, 16 Va. App. at 819), *aff'd*, 284 Va. 316 (2012). Thus, subsection C protected the change-in-condition claims of disabled workers who receive pre-injury wages for light-duty work.

In *Ford Motor Company*, the Supreme Court explained that subsection C applies even when the award itself makes no mention of such wages. There, the "last direct payment of compensation under [any express] award" occurred more than two years before the employee sought more compensation based on a change in condition. *Ford Motor Co.*, 281 Va. at 549. Even so, the two-year statute of limitations was tolled by subsection C because the employee had later worked in a "light-duty position and earned wages at or above his pre-injury wage." *Id.* at 546, 552.

- 5 -

The Supreme Court reasoned that when equal wages were paid for light-duty work under subsection C, those wages *were* "compensation," and that "compensation" tolled subsection A's limitation of review to the 24-month period after "the last day for which compensation was paid, *pursuant to an award under this title.*" *Id.* at 551 (emphasis added). In effect, subsection C "expand[ed] the definition of 'compensation' under subsection A to include wages which meet certain conditions." *Id.* at 550. Since the payment of qualifying wages was defined as "compensation," it had the effect of tolling, or extending, the "last day for which compensation was paid" under subsection A. *Id.* Thus, the prior version of subsection C was "not a stand-alone provision," but one that "provide[d] a definition for the tolling mechanism applied to subsection A, where a claimant has received wages (rather than compensation) as provided in subsection C." *Id.* at 551.

Noting that the statute did not "limit[]" the Commission's authority based on "the nature or type of award previously awarded," our Court then naturally applied the same reasoning where the original award was "medical only" and did not include any compensation. *Rahim*, 58 Va. App. at 505. So long as the employer had paid equal wages for light-duty work, qualifying under subsection C, those wages were "compensation" and tolled the operation of subsection A's limitation of review "after 24 months from the last day for which compensation was paid, *pursuant to an award under this title.*" Code § 65.2-708(A) (emphasis added); *see Rahim*, 58 Va. App. at 508. Thus, even though the original award did not include *any* compensation, *Rahim* still found wages qualifying under subsection C to be compensation "paid, pursuant to an award under this title" for purposes of subsection A.

In both cases, *Ford Motor Company* and *Rahim*, there was no mention in the Commission's order of compensation in the form of equal wages for light-duty work. Yet the fact that the original formal award did not require the payment of equal wages for light-duty

work did not impede the Commission's ability to review the compensation arrangement under subsection A given the alleged change in condition.[4]

The General Assembly amended subsection A in 2013 to narrow the Commission's authority to review awards after an alleged change of condition. Before, subsection A allowed review of "any award" upon a change of condition of the employee, as long as a request for review was made within "24 months of the last day for which compensation was paid, pursuant to an award under this title." Now, subsection A allows review only of "any award *of compensation*."

But the General Assembly also simultaneously amended subsection C to state that when an employer pays full wages for light-duty employment, those payments are "considered compensation paid pursuant to an award of compensation."

Putting the provisions together, as amended, the Commission retains the same authority to consider a request based on a change in condition if it was submitted within two years of the last day an employer pays full wages for light-duty work.[5] The earlier version of the statute gave the Commission broad authority to review a change in condition within two years of "any order," tolling that period if the employer paid equal wages for light-duty work during the two years. As explained above, we found the statute implicitly identified such qualifying wages paid as "pursuant to an award of compensation" without any express language stating the same. Now, subsection C has been amended to expressly recognize what we long held by implication. When

---

[4] We affirmed the same in *Roske v. Culbertson Co.*, 62 Va. App. 512 (2013), in a decision issued after the 2013 amendments, but without analyzing the amendments which took effect only after the Commission considered the worker's claim in that case.

[5] Subsection C cuts off tolling after an employee receives 24 consecutive months of qualifying wages.

an employer pays equal wages for light-duty employment it is a statutory award of compensation under Subsection C. That statutory award[6] is then reviewable under subsection A.

That the General Assembly also narrowed the authority of the Commission in subsection A from reviewing "any award" to "any award of compensation" does not change the analysis in the face of subsection C's explicit definition of equal wages for light-duty work as an "award of compensation." Instead, the General Assembly's modification to subsection A merely clarified that not *all* "medical only" awards can be reopened under the "any award" analysis in *Rahim*. The Commission only has such authority when a "medical only" award is followed by an employer paying wages that are expressly defined to constitute "compensation pursuant to an award for compensation."

Applying the statute here, the Commission may review the wages the Department of Corrections paid to Walker following her ankle injury, and "may make an award ending, diminishing or increasing [this] compensation previously awarded" because those wages are a statutory award of compensation. Code § 65.2-708(A). Walker petitioned on July 6, 2021, alleging a change in condition two years and twelve days after she injured her ankle. After she first received a "medical only" award from the Commission, Walker was paid full wages while she was restricted to light-duty work, most recently from May 26, 2021, to July 22, 2021. These wages are "compensation paid pursuant to an award of compensation." Code § 65.2-708(C). The

---

[6] We have long recognized the creation of awards other than those formally entered by the Commission. For example, for more than 35 years, we have recognized that "de facto" awards may be created by the conduct of the employer and employee. *See, e.g.*, *Tyco Elecs. v. Vanpelt*, 62 Va. App. 160, 177 (2013). "In contrast to an actual award, a *de facto* award is 'a legal fiction crafted by the courts, "a creature of case law not statutory law."'" *Roske*, 62 Va. App. at 520 (quoting *Lysable Transp., Inc. v. Patton*, 57 Va. App. 408, 414 (2010)). In contrast to a de facto award, the *statute* now affirmatively creates an award of compensation that the Commission may then review. The effect of recognizing payments in these circumstances as a statutory award merely extends the two-year statute of limitations that would otherwise prevent an employee—or employer—from ending, diminishing, or increasing compensation due to a change in condition.

Commission may review this "award of compensation" for up to 24 months from the last date compensation was paid. Code § 65.2-708(A). Because Walker petitioned within two years of the last day for which she was paid full wages for light-duty work, her petition is not barred by the statute of limitations.

The Department argues that a claimant cannot invoke subsection C unless the Commission previously made an award of compensation. In other words, the Department claims that when the General Assembly narrowed the language in subsection A to only permit review of "any award of compensation," the General Assembly abrogated our prior decision in *Rahim* allowing the review of "medical only" awards. While we agree with the Department that there must have been an award of compensation, we disagree that the award must have been entered by the Commission. Instead, the award here is a creature of statute. The Department's interpretation cuts off the statute after the phrase "award of compensation" in subsection A and assigns no meaning to the amended subsection C, which now specifically defines equal wages for light-duty work as an "award of compensation." As a result, the Department robs subsection C of its force—and plain meaning.

The plain meaning of the text is clear. Even absent such clarity, our interpretation appropriately resolves any ambiguity "in favor of the injured employee." *Eggleston*, 264 Va. at 17. And it aligns with the legislature's long-standing intent to "prevent[] an employer from 'lulling [a] partially disabled worker [ ] into a false sense of security." *Rahim*, 58 Va. App. at 507 (quoting *Scott*, 16 Va. App. at 819).

CONCLUSION

We hold that the Commission erred in finding that Walker's claim for temporary total disability benefits was barred by the statute of limitations under Code § 65.2-601 and reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*