COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


AUGUSTA COUNTY SCHOOL BOARD AND
    SEDGWICK CMS, INC.
                                                    OPINION BY
v.        Record No. 0940-08-3        JUDGE ELIZABETH A. McCLANAHAN
                                                    FEBRUARY 10, 2009
CAROL A. HUMPHREYS


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

J. David Griffin (Winchester Law Group, P.C., on brief), for
appellants.

George L. Townsend (The Chandler Law Group, on brief), for
appellee.


The Augusta County School Board and its insurer (collectively, the "school board")

appeal a decision of the Workers' Compensation Commission awarding temporary total

disability benefits to claimant, Carol A. Humphreys, on her change-in-condition application.

The school board argues the commission erred in rejecting the school board's statute of

limitations defense.  For the following reasons, we affirm the decision of the commission.

BACKGROUND

On March 12, 2003, Humphreys, a teacher for the school board, was injured at work

when a table fell on her leg, causing an abrasion.  The injury developed into an ulceration.

Humphreys missed a total of nine and a half days of work for related medical appointments.

Subsequently, she filed a workers' compensation claim seeking indemnification for lost wages

and medical benefits.  The parties stipulated to the compensability of her injury and medical

treatment (excluding pain management).  However, among its defenses, the school board

asserted Humphreys suffered no actual wage loss because she took sick leave for the nine and a half days of work she missed for her medical appointments, and received full pay for each of those days.

In his May 17, 2005 opinion, the deputy commissioner found, *inter alia*, that Humphreys did not lose any actual wages, but lost sick leave due to her injury. He then awarded her "reimbursement of sick leave used to date for medical appointments related to her industrial accident," and medical benefits "for as long as necessary."

The school board appealed to the full commission that portion of the deputy commissioner's opinion awarding reimbursement of sick leave, asserting the commission had no jurisdiction to make such an award. While the appeal was pending, the parties agreed to a settlement entered in the form of a stipulated order by the deputy commissioner on August 22, 2005, which modified his May 17, 2005 award and ended the appeal. The parties stipulated in the order as follows:

1. The [e]mployer's appeal is withdrawn.

2. The May 17, 2005 [o]rder of the [d]eputy [c]ommissioner is modified as follows:

a. The parties agree that the [c]laimant has not exhausted the waiting period for payment of indemnity of the first seven days, and therefore those days are not yet payable.[1] In the event they do become payable, the parties agree to re-instate sick time at a rate of .75 days in exchange for each day payable, but only in multiples of one.

---

[1] This is consistent with Code § 65.2-509's waiting period, which provides:

No compensation shall be allowed for the first seven calendar days of incapacity resulting from an injury except the [medical] benefits provided for in § 65.2-603; but if incapacity extends beyond that period, compensation shall commence with the eighth day of disability. If, however, such incapacity shall continue for a period of more than three weeks, then compensation shall be allowed from the first day of such incapacity.

b. For the remaining days lost, the parties agree that the [e]mployer shall only be responsible for the reinstatement of two days sick time.

It is undisputed that the parties "abided by this agreement."

On March 1, 2006, Humphreys filed an application for benefits based on a change in condition. She sought an award of temporary total disability benefits for work missed on February 8, 2006 to attend a medical appointment related to her original compensable injury. She later amended the application to include six additional days of missed work due to medical appointments. In defending the claim, the school board contended, *inter alia*, that the claim was barred by the two-year statute of limitations for change-in-condition applications, as set forth in Code § 65.2-708.[2] The deputy commissioner rejected the school board's defenses and awarded payment of compensation to Humphreys for the seven days at issue (within a time frame of February 2006 to May 2006).

The school board appealed the decision to the full commission, continuing to argue Humphreys' change-in-condition application was time-barred under Code § 65.2-708. The school board asserted that no compensation was awarded under the original May 17, 2005 award—only medical benefits, and, thus, the limitations period expired two years from the date of the March 12, 2003 accident—long before Humphreys' subsequent March 1, 2006 claim based on an alleged change in condition.

The commission determined that Humphreys' March 1, 2006 change-in-condition application was not barred by the Code § 65.2-708 two-year statute of limitations, but reached that decision only after re-evaluating the basis for the deputy commissioner's May 17, 2005 award on Humphreys' original claim. As the commission explained, "[t]his decision is complicated by the fact that the [d]eputy [c]ommissioner's May 17, 2005 [a]ward was

---

[2] The school board's other defenses to the claim are not at issue in this appeal.

- 3 -

improper." In that award, the deputy commissioner ordered "reimbursement" of Humphreys' sick leave used for medical appointments, which "exceed[ed] the [c]ommission's statutory authority." However, according to the commission, it was "obvious" the deputy commissioner "intended to award temporary total disability benefits but mistakenly entered the wrong award." The commission then reasoned that the award was

> the equivalent of an award for temporary total disability benefits with a credit to the employer for the sick pay that was reinstated. Thus, we will utilize our equitable powers grounded in the doctrine of imposition to correct this mistake and enter the proper award for nine days of disability. The May 17, 2005 [a]ward [o]rder is hereby amended, in relevant part, for payment of temporary disability benefits for [the nine days in March, April and May 2003 when Humphreys missed work for medical appointments].

"While these amendments change the form of the [a]ward entered by the [d]eputy [c]ommissioner," the commission stated, they do not "change the substance or effect of the award order. Accordingly, we find that the present claim was filed within two years from the last day for which compensation benefits were awarded [as required by Code § 65.2-708]." That is, the commission concluded that Humphreys filed her change-in-condition application within two years from the date of the final order on her original claim, affirming the deputy commission's opinion and then remanding for a determination of Humphreys' pre-injury average weekly wage.

## ANALYSIS

The school board argues the commission had no authority to award benefits to Humphreys on her change-in-condition application in light of the deputy commissioner's May 17, 2005 "medical benefits only" award and the parties' stipulated order, which became final. According to the school board, the commission did so only by "chang[ing] the nature of the case and remov[ing] a statute of limitations bar." In other words, the commission "[did] not have

- 4 -

authority to unilaterally change either a final [o]rder or a [s]tipulated [o]rder eighteen months after its entry" on the basis of the doctrine of imposition.

While recognizing that upon a change-in-condition application the commission, pursuant to Code § 65.2-708, may increase the compensation previously awarded within two years from the last day for which compensation was paid, the school board contends "no compensation benefits were ever paid" to Humphreys under the deputy commissioner's May 17, 2005 award on her original claim. Rather, it was a "medical benefits only" award. Thus, the school board argues, Humphreys' application for compensation, filed more than two years from the date of her compensable injury, was time-barred.

The school board correctly asserts that, where the commission has entered a "medical benefits only" award for a compensable injury, any subsequent claim for compensation (i.e., lost wages) arising from that injury must be filed within two years from the date of the injury. See Keith v. Ball Metal Beverage Container, 45 Va. App. 50, 608 S.E.2d 501 (2005); Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 441 S.E.2d 349 (1994). And, here, at the time of its execution, the deputy commissioner's May 17, 2005 award provided only medical benefits, as the deputy commissioner's attempt at awarding reinstatement of Humphreys' sick leave was erroneous.[3]

We conclude, however, that under the parties' stipulated order, which modified the deputy commissioner's award and settled the dispute over Humphreys' original claim,[4] a portion

---

[3] Humphreys does not contest the full commission's ruling that the deputy commissioner was without authority to order the school board to reinstate sick leave, which, as discussed *infra*, has long been the commission's position on the issue of reinstating sick leave in relation to its interpretation of Code § 65.2-520.

[4] The stipulated order is in the nature of a contract between the parties, and is to be construed as such by this Court. See Newman v. Newman, 42 Va. App. 557, 568, 593 S.E.2d 533, 539 (2004) ("'While a consent decree is a court order, it is 'contractual in its nature and should be construed as though it were a contract.'" (quoting Gazale v. Gazale, 219 Va. 775, 779,

of Humphreys' salary was treated as payment of compensation for lost wages under the Workers' Compensation Act (the "Act"). The parties agreed that the nine and a half days Humphreys missed for medical appointments were, in fact, compensable under the Act, subject to the Code § 65.2-509 seven-day waiting period, that Humphreys' last two and a half days of sick leave were currently due and payable, and that a portion of Humphreys' salary for those last two and a half days of sick leave was to be treated as the payment of workers' compensation benefits. We thus hold that Humphreys' change-in-condition application was not barred by the applicable two-year statute of limitations, and affirm the commission's ruling to that effect, but on grounds other than the doctrine of imposition.[5]

Despite the import of the terms of the parties' stipulated order, the school board contends on appeal that, as a matter of law, the payment of wages to Humphreys could not subsequently be deemed payment of compensation to her under the Act. We disagree. Code § 65.2-520 states, in relevant part, that "[a]ny payment made by the employer to the injured employee during the period of disability . . . which by the terms of this title were not due and payable when made, may, subject to the approval of the Commission, be deducted from the amount to be paid as *compensation* . . . ." (Emphasis added.)

While the Virginia appellate courts have not addressed Code § 65.2-520 in the context here presented in a published decision, the commission, in applying this statute, has consistently held, at least since 1988, that

---

250 S.E.2d 365, 367 (1979))); Albert v. Ramirez, 45 Va. App. 799, 807, 613 S.E.2d 865, 869 (2005) ("'A consent decree is a contract or agreement between the parties to the suit, entered of record in the cause with the consent of the court, and is binding unless secured by fraud or mistake.'" (quoting Orlandi v. Orlandi, 23 Va. App. 21, 26, 473 S.E.2d 716, 719 (1996))).

[5] We may affirm the judgment of the commission for reasons other than those upon which the commission reached its decision. See Granados v. Windson Dev. Corp., 257 Va. 103, 109, 509 S.E.2d 290, 293 (1999); Mercy Tidewater Ambulance Serv. v. Carpenter, 29 Va. App. 218, 226, 511 S.E.2d 418, 421 (1999).

the payment of wages to the employee based upon sick or annual leave may be credited to the employer under the provisions of Code § 65.1-72 [now Code § 65.2-520] when leave is reinstated. In the absence of an outstanding award of compensation, *salary paid to the employee during his disability may be considered to be payment of compensation* in the discretion of the Industrial Commission for purposes of "credit" under Code § 65.1-72.

Dyson v. Commonwealth, VWC File No. 129-25-08, 1988 VA Wrk. Comp. LEXIS 68, at *3

(Oct. 11, 1988) (emphasis added).

As the commission more recently stated in Myers v. City of Danville Police, VWC File

No. 179-46-44, 1998 VA Wrk. Comp. LEXIS 4342, at *5 (April 28, 1998):

> [T]he employer is entitled to a credit, pursuant to 65.2-520 of the Code of Virginia, for the wages paid to the claimant based upon sick leave and annual leave benefits for the periods of disability awarded because the uncontradicted evidence [in Myers, as in the instant case,] establishes that the leave used by the claimant was reinstated to his leave balance. Although we found in Lucas v. Research Analysis Corp., 61 OIC 166 (1969) that the employer is not entitled to any credit for salary paid if it was charged against the claimant's sick leave or annual leave, we held in Dyson v. Commonwealth of Virginia Department of Transportation, 67 OIC 237 (1988) that the employer is entitled to a credit for wages paid based on sick or annual leave "when leave is reinstated." We agree with the Chief Deputy Commissioner that the Commission has no jurisdiction to consider the employer's policies regarding sick leave or annual leave and as long as reinstatement of those benefits is proved, the employer is entitled to a credit for wages previously paid. See Perkins v. Crown Central Petroleum, VWC File No. 159-72-55 (June 15, 1993).

See also Epps v. Inova Fair Oaks Hosp., VWC File No. 213-55-21, 2007 VA Wrk. Comp.

LEXIS 481 (March 23, 2007) (explaining that, while the commission does not have authority to

order the employer to reinstate sick leave, the employer, pursuant to Code § 65.2-520, would be

entitled to a credit for salary paid where it was charged against the claimant's sick leave if the

leave is reinstated (citing Lucas, Dyson, and Myers)); Adkinson v. H & H Indus., VWC File No.

225-11-41, 2007 VA Wrk. Comp. LEXIS 756 (June 15, 2007) (same); Robbins v. County of Lee

Sch. Bd., VWC File No. 209-20-79, 2004 VA Wrk. Comp. LEXIS 987 (Dec. 8, 2004) (same).

Accordingly, under the commission's construction of Code § 65.2-520, as applicable in a case such as this one, the claimant is not required to "'buy back' her leave balances," and the employer is "entitled to a credit" for wages it paid for sick leave, where such leave has been reinstated. Saul v. Total Action Against Poverty, VWC File No. 196-47-46, 2000 VA Wrk. Comp. LEXIS 343, at *4 (June 21, 2000). "In other words, the claimant gets her leave restored, and her workers compensation benefits[,] while the employer is granted credit against owed workers' compensation indemnity benefits for wages paid through the now-restored leave." Id. [6]

We are persuaded the commission's construction of Code § 65.2-520 is correct. As so applied, the statute dictates that a portion of Humphreys' sick leave pay be viewed as the equivalent of the school board's payment of compensation on her original claim, pursuant to the terms of the parties' stipulated order.[7] Indeed, under settled principles, the commission's

---

[6] By comparison, the parties in the instant case could have settled the matter by providing in the stipulated order that the school board was required to currently make payment to Humphreys for her last two and a half days of sick leave in the amount of 66 2/3% of her average weekly salary (pursuant to Code § 65.2-502), that her first seven days of sick leave were subject to future compensation (pursuant to Code § 65.2-509's waiting period), that the school board was required to reinstate all of Humphreys' nine and a half days of sick leave, and that Humphreys was required to reimburse the school board all of the salary she received for those nine and a half days. This would have placed the parties in the same position as if the school board had paid Humphreys no salary during her absence, she had taken no sick leave, and she had then been awarded compensation for lost wages for that portion of her absence from work that was currently due and payable as compensation. The parties, however, chose not to settle the claim in that manner. Instead, they chose to give the school board credit for wages already paid to Humphreys as payment of compensation (at such time as compensation was or would "become payable"), along with reinstatement of portions of her sick leave, and, under those terms, Humphreys was not required to buy back her sick leave.

[7] We also note that Code § 65.2-708(C) sets forth another example of the payment of wages being treated as the payment of compensation under the Act. For purposes of tolling the statute of limitations on a change-in-condition application, this provision mandates as follows:

> *All wages paid*, for a period not exceeding twenty-four consecutive
> months, to an employee (i) who is physically unable to return to
> his pre-injury work due to a compensable injury and (ii) who is

construction of the statute "'is entitled to be given weight'" on appeal, <u>Cox v. Oakwood Mining, Inc.</u>, 16 Va. App. 965, 969, 434 S.E.2d 904, 907 (1993) (quoting <u>Peyton v. Williams</u>, 206 Va. 595, 600, 145 S.E.2d 147, 151 (1965)), where its construction has been "'consistently and regularly applied'" over a long period of time, and does not conflict with the language of the statute,[8] <u>id.</u> (quoting <u>Commonwealth v. May Bros., Inc.</u>, 11 Va. App. 115, 119, 396 S.E.2d 695, 697 (1990)); <u>see</u> <u>Cross v. Newport News Shipbuilding & Dry Dock Co.</u>, 21 Va. App. 530, 533, 465 S.E.2d 598, 599 (1996); <u>City of Waynesboro v. Harter</u>, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985).

Under the terms of the stipulated order, the parties agreed (a) to credit the school board for a portion of the salary previously paid to Humphreys as payment of compensation, and (b) to reinstate certain corresponding portions of Humphreys' sick leave, as such compensation benefits were due and payable (both presently and in the future).[9] This is initially evidenced by the parties' stipulation that Humphreys' first seven sick leave days (out of her total nine and a half days of sick leave) were "not yet payable" under the award because she had "not exhausted the waiting period [under Code § 65.2-509] for payment of indemnity of [those] first seven days,

---

provided work within his capacity at a wage equal to or greater than his pre-injury wage, *shall be considered compensation*.

Code § 65.2-708(C) (emphasis added). <u>See</u> <u>Scott v. Scott</u>, 16 Va. App. 815, 819, 433 S.E.2d 259, 262 (1993).

[8] That is to say, the commission's construction of Code § 65.2-520 in the instant context does not "involve[] a pure question of statutory interpretation," thus giving rise to our deference to the agency's "practical construction" of the statute based on its "specialized competence" to so construe the statute. <u>Commonwealth v. Barker</u>, 275 Va. 529, 536, 659 S.E.2d 502, 505 (2008) (citations and internal quotation marks omitted).

[9] It is apparent that the parties agreed to the reinstatement of less than all of Humphreys' sick leave for each day on which she was entitled to compensation based on the fact that, in receiving her full salary, Humphreys was paid more than she was owed in compensation for each of those days. The actual formula the parties used for calculating the amount of sick leave to be reinstated is not in dispute.

and therefore those days [were] not yet payable." The order then establishes for those first seven days a formula for reinstating sick leave "in exchange for each day payable" to the extent "they do become payable"—i.e., " re-instate[ment] [of] sick time at a rate of .75 days in exchange for each day payable, but only in multiples of one." Finally, a portion of Humphreys' salary for her last two and a half sick leave days is treated in the order as payment of workers' compensation as evidenced by the parties' stipulation that "[f]or the remaining days lost" the school board "shall only be responsible for the reinstatement of two days sick time." In other words, unlike Humphreys' first seven sick leave days, compensation for her last two and a half days was currently due and payable; and, therefore, the school board, in taking a credit for wages already paid to Humphreys as payment of compensation, was reinstating two days of her sick leave.

Humphreys thus received the equivalent of an award of compensation under the deputy commissioner's May 17, 2005 award, as modified by the stipulated order, dated August 22, 2005. This means that, pursuant to Code § 65.2-708, Humphreys had two years from the date of the stipulated order to file her change-in-condition application, which she filed on March 1, 2006. Her application was therefore timely filed.

## CONCLUSION

Under the stipulated order setting forth the parties' settlement agreement, the school board was credited with a portion of its sick leave pay to Humphreys as the payment of workers' compensation in exchange for reinstatement of a portion of her sick leave taken as a result of her compensable injury. Humphreys thus received, for purposes of the Act, the equivalent of an award of compensation on her original claim under the deputy commissioner's May 17, 2005 award, as modified by the stipulated order. Accordingly, Humphreys' change-in-condition application, filed on March 1, 2006, within two years of the stipulated order, dated August 22, 2005, was timely filed.

For these reasons, we affirm the commission's decision awarding benefits to Humphreys on her change-in-condition application.

Affirmed.