KELSEY, with whom McCLANAHAN, BEALES and POWELL, JJ.,
join, dissenting.
I would read Code § 65.2-708 as written—add nothing to it, subtract nothing from it. Whether it “may or may not be better public policy” to do otherwise, “such judgments are not ours to make.” Washington v. Commonwealth, 46 Va.App. 276, 283, 616 S.E.2d 774, 778 (2005) (en banc), aff'd, 272 Va. 449, 634 S.E.2d 310 (2006).
Code § 65.2-708(A) provides the commission authority to review an award if a “change in condition” has occurred. On “such review,” the commission “may make an award ending, diminishing or increasing the compensation previously awarded .... ” Code § 65.2-708(A) (emphasis added). End, diminish, increase—all three powers presuppose, as the statutory text makes explicit, a prior award of compensation.
Absent “compensation previously awarded,” id., the commission cannot exercise its review power with respect to compensation benefits. To be sure, in granting only these three powers (ending, diminishing, or increasing a prior award of compensation), the General Assembly conspicuously declined to enlarge the scope of Code § 65.2-708(A) to include a fourth power (making an initial award of compensation).[8] If that *511 were not true, the end-diminish-increase language in the statute would be wholly superfluous.
Equally important, a prior award of medical benefits is not an award of compensation. The “ ‘conventional meaning’ of compensation includes only “wage loss compensation, also commonly known as “indemnity payments.” ’ ” Uninsured Emp’r’s Fund v. Wilson, 46 Va.App. 500, 503, 619 S.E.2d 476, 478 (2005). “That definition would necessarily exclude medical benefits, which usually involve payments to third-party medical providers.” Id.; see Meade v. Clinchfield Coal Co., 215 Va. 18, 205 S.E.2d 410 (1974) (holding medical benefits are not “compensation” under former Code § 65.1-99, the predecessor to Code § 65.2-708(A)). Thus, Rahim’s award order—which *512 expressly declares itself a “medical-only award”—does not constitute an award of compensation, as the term is ordinarily understood.
The majority correctly avoids the temptation of redefining compensation to encompass a medical-only award. Nonetheless, the majority accomplishes the same result by enlarging the scope of “such review” under Code § 65.2-708(A). With respect to compensation, “such review” includes only the statutory power to “make an award ending, diminishing or increasing the compensation previously awarded.” Code § 65.2-708(A). To remedy this omission, the majority amends the statute by adding the power to make an initial award of compensation. In other words, the express statutory power to end, diminish, or increase a prior award of compensation has been judicially expanded to include an implied power to make an award of compensation in the first instance.[9]
No matter how liberally we construe the Workers’ Compensation Act, we cannot “judicially graft” an unwritten provision into the statute, Cent. Va. Obstetrics & Gynecology Assocs. v. Whitfield, 42 Va.App. 264, 280, 590 S.E.2d 631, 640 (2004), under the subtle “guise of judicial interpretation,” Holly Hill Farm Corp. v. Rowe, 241 Va. 425, 431, 404 S.E.2d 48, 51 (1991). The one canon of construction that precedes all others is that “courts must presume that a legislature says in a statute what it means and means in a statute what it says there.” Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 296, 126 S.Ct. 2455, 2459, 165 L.Ed.2d 526 (2006) (citation omitted). “When the words of a statute are unambiguous, then, this first canon is also the last: ‘judicial inquiry is *513 complete.’ ” Barnhart v. Sigmon Coal Co., 534 U.S. 438, 462, 122 S.Ct. 941, 956, 151 L.Ed.2d 908 (2002) (citation omitted). “We can only administer the law as it is written.” Wilson, 46 Va.App. at 506, 619 S.E.2d at 479 (citation omitted).
In sum, the express grant of authority in Code § 65.2-708(A) to review a prior award of compensation does not include an implied power to make an initial award of compensation. Because there was no initial award of compensation in this case, it necessarily follows there was no compensation award “upon review” to end, diminish, or increase under Code § 65.2-708(A).[10]
I thus respectfully dissent.

. For nearly two decades, this has been the prevailing view. See, e.g., Augusta Cnty. Sch. Bd. v. Humphreys, 53 Va.App. 355, 360, 672 S.E.2d 117, 119 (2009) ("The school board correctly asserts that, where the commission has entered a ‘medical benefits only’ award for a compensable injury, any subsequent claim for compensation (i.e., lost wages) arising from that injury must be filed within two years from the date of the injury.”); Mayberry v. Alcoa Bldg. Prods., 18 Va.App. 18, 21, 441 S.E.2d 349, 351 (1994) ("Code § 65.2-708(A) is inapplicable because there was no compensation previously awarded which could be ended, diminished or increased.”), aff'g, VWC File No. 154-32-55 (Dec. 11, 1992) ("Even if the Commission had entered an award providing for medical treatment where there has been no prior award of compensa *511 tion, an employee has only two years from the date of accident to file a claim for work incapacity.”). See also Wooten v. Intermet Foundry, VWC File No. 223-57-04, 2010 Va. Wrk. Comp. Lexis 535, at *1-2, *8 (Aug. 27, 2010) (After "entry of an Award for medical benefits only,” a compensation claim "cannot be treated as a change in condition since no award for work incapacity was ever entered.”); Nuara v. Obrist Ams., Inc., VWC File No. 237-13-17, 2010 Va. Wrk. Comp. Lexis 384, at *8-9 (July 15, 2010) (explaining that despite "an outstanding medical benefits award,” a claimant cannot seek wage loss benefits in a change-in-condition application "if no award for work incapacity was ever entered”); Linkous v. Wheatland Ret., VWC File No. 227-07-67, 2009 Va. Wrk. Comp. Lexis 465, at *4-5 (Feb. 17, 2009) (noting "the Commission has no jurisdiction to award the claimant wage loss benefits” under Code § 65.2-708 because "the Commission did not previously award wage loss compensation”); Jones v. Dominion Va. Power, VWC File No. 212-79-34, 2006 Va. Wrk. Comp. Lexis 802, at *2 (Sept. 14, 2006) (affirming deputy commissioner’s finding that, because a prior award "was for medical benefits only, the provisions of Code § 65.2-708 did not apply, and the claimant was required to file a claim for wage loss within two years of the date of accident pursuant to Code § 65.2-601”); Boyette v. Va. Dep’t of Transp., VWC File No. 191-25-71, 2002 Va. Wrk. Comp. Lexis 554, at *1-2 (Mar. 25, 2002) (noting an award entered "for medical benefits only” with "claimant working] light duty capacity at pre-injury wages” does not amount to a prior award of compensation under Code § 65.2-708); Nowlin v. Westvaco Corp., VWC File Nos. 170-74-58 & 170-74-59, 1996 Va. Wrk. Comp. Lexis 581, at *2 (Feb. 13, 1996) ("Where there has been an award for medical benefits only, Code § 65.2-708 is inapplicable because there has been no prior award of compensation.”); James v. Morton G. Thalhimer Servs. Corp., VWC File No. 143-06-95 (Aug. 13, 1992) (stating Code § 65.1-99, the predecessor of Code § 65.2-708, became "operative only when there has been a prior award of compensation”).

. The heavy reliance of the majority on Ford Motor Co. v. Gordon, 281 Va. 543, 708 S.E.2d 846 (2011), adds little to the analysis. In that case, there were multiple "awards of compensation” prior to the commission’s exercise of its award-review authority under Code § 65.2-708. Id. at 546, 708 S.E.2d at 848. Equally inapt is the majority’s discussion of subsection C of § 65.2-708, which merely tolls the limitation extension period of subsection A. Nothing in subsection C grants the commission the power to make an initial award of compensation over and above its express statutory power to end, diminish, or increase a prior award of compensation.

. For reasons unexplained in the record, Rahim’s counsel did not ask the commission to reserve jurisdiction in its medical-only award to consider anticipated, but unripe, future wage claims. As Professor Larson has explained, the "ability to reserve continuing jurisdiction can be suitably exercised in cases where the injured worker is, through some fortuity, currently earning wages at least equal to his or her preinjuiy earnings, but it is clear that the worker has indeed suffered a loss in wage earning potential which will manifest itself in the future.” 8 Lex K. Larson, Larson’s Workers’ Compensation Law § 131.05[3][c], at 131-57 to-58 (2010).