**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 8th day of January, 2015.

City of Danville,                                    Appellant,

 against        Record No. 140011
               Circuit Court No. CL11-228

O. Ryland Tate,                                    Appellee.


Upon an appeal from a judgment rendered
by the Circuit Court of the City of Danville.


Upon consideration of the record, briefs, and argument of counsel, the Court is of the opinion that the circuit court reached the right result, although for the wrong reason, in dismissing the City of Danville's complaint in this case. Therefore, the judgment of the circuit court will be affirmed.

O. Ryland Tate ("Tate") was employed by the City of Danville (the "City") as a firefighter for thirty-nine years. In March 2009, Tate suffered a disabling heart attack, did not return to work, and retired six months later. Having accrued nearly 6,000 hours in sick leave, Tate received from the City the equivalent of his full wages in the form of sick leave pay totaling approximately $40,000. When he retired in August 2009, Tate elected under the City's retirement system to use the balance of his accrued sick leave to obtain an extra year of credit (the maximum allowed) towards his retirement. With this election, the City eliminated Tate's sick leave balance as provided for under its policies.

In addition, Tate, before retiring, filed a workers' compensation claim seeking indemnity benefits (66 2/3% of his lost

wages) based on his heart attack related disability. The City initially denied the claim, but accepted it as compensable the following year. Thereafter, the City paid indemnity benefits to Tate for his six-month period of disability pursuant to a Virginia Workers' Compensation Commission (the "Commission") award. In doing so, the City did not request from the Commission a credit under Code § 65.2-520 against this award for the sick leave payments that the City made to Tate during the same disability period.[1]

The City then filed this action against Tate seeking recovery of his sick leave pay. The City contended that under its controlling ordinance and regulations Tate was not entitled to receive both sick leave pay and workers' compensation indemnity benefits for the same disability period.

After conducting an evidentiary hearing and considering the ordinance and regulations relied upon by the City as authority for recovering Tate's sick leave pay, the circuit court held that it did not have jurisdiction to decide the City's claim. The court reasoned that "[t]he City could have availed itself of the remedy under § 65.2-520 but for some reason failed to do so." That is, the City did not ask the Commission for "a credit against the workers' compensation award for the amounts the City paid [to] Tate

_____

[1] Code § 65.2-520 provides in relevant part:

Any payments made by the employer to the injured employee during the period of his disability . . . which by the terms of this title were not due and payable when made, may, subject to the approval of the Commission, be deducted from the amount to be paid as compensation . . . .

for sick leave."[2]  Moreover, according to the court, "[e]xclusive jurisdiction over the crediting of sick leave payments against a workers' compensation award lies with the Commission."  The court thus dismissed the City's complaint.

On appeal, the City argues the circuit court erred because the court, not the Commission, had jurisdiction to decide its claim. Furthermore, the City argues it is entitled to judgment against Tate for recovery of his sick leave pay pursuant to its controlling ordinance and regulations.  We agree with the City on its jurisdictional argument but disagree on the merits.

Under the Virginia Workers' Compensation Act, Code §§ 65.2-100 through -1310 (the "Act"), the Commission does have jurisdiction over whether to credit an employer's sick leave pay, pursuant to Code § 65.2-520.[3]  However, the Commission's jurisdiction remains "limited to those issues which are directly or necessarily related to the right of an employee to [workers'] compensation for a work-related injury."  Hartford Fire Ins. Co. v. Tucker, 3 Va. App. 116, 120, 348 S.E.2d 416, 418 (1986).  Code § 65.2-520 clearly provides that an employer is not required to request the credit authorized

---

[2] The City in fact asserts, as it did below, that it did not have the option to request a credit under Code § 65.2-520 at the time Tate was awarded workers' compensation benefits because he was no longer a City employee and his sick leave balance had been completely settled in conjunction with his retirement.  In light of our holding in this case, however, we need not decide this issue.

[3] See Code § 65.2-700 ("All questions arising under this title, if not settled by agreements of the parties interested therein with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided.").

by the statute when paying workers' compensation, stating only that the employer "may" do so "subject to the approval of the Commission."[4]  This means an employer can satisfy its obligation by paying fully the benefits awarded by the Commission without regard to any sick leave payments to the employee, which might otherwise be treated as payments of workers' compensation.  Thus, where the employer does not request a credit under Code § 65.2-520, the statute is simply not implicated and, accordingly, no authority of the Commission relative to sick leave pay is triggered.  That was the case here.

The Commission had no jurisdiction to decide this dispute between the City and Tate over the City's claim for recovery of its sick leave payments to Tate - no more than the Commission would have jurisdiction to decide a dispute over any other employment benefit such as annual leave or maternity leave.  The circuit court thus erred in holding that the Commission rather than the court had jurisdiction over this case.[5]

---

[4] In this regard, we also note that such approval of the treatment of sick leave pay as payment of workers' compensation benefits is conditioned upon the employer simultaneously reinstating the employee's sick leave.  Augusta Cnty. Sch. Bd. v. Humphreys, 53 Va. App. 355, 363, 672 S.E.2d 117, 121 (2009).

[5] The concurring opinion would affirm the circuit court in its holding on this jurisdictional issue.  The concurrence would do so based on a misreading of Code § 65.2-520.  The City's argument to the contrary notwithstanding, the concurrence is correct that the City's sick leave payments to Tate were "voluntary" for purposes of the statute.  That is because the statute considers to be voluntary any payments "which by the terms of [the Act] were not due and payable when made" even if the payments were otherwise required outside the Act.  Id.  But Code § 65.2-520 is expressly limited in

4

The circuit court nevertheless reached the right result, as a matter of law, in dismissing the City's complaint.  See Deerfield v. City of Hampton, 283 Va. 759, 767, 724 S.E.2d 724, 728 (2012) (applying the right result for the wrong reason doctrine).  The City did not have the authority under the ordinance or regulations upon which it relied to recover sick leave pay from Tate on the basis that he had also received workers' compensation for the same disability period.  The recovery authorized by those provisions pertains to a distinct type of claim by the City against an employee's workers' compensation payment.[6]  But, here, of course, the City is seeking to recover Tate's sick leave payments, not his workers' compensation payments.

---

its application to proceedings in which an employer requests that such payments "be deducted from the amount to be paid as compensation."  Once again, absent that request, the Commission's authority extends only to determining whether the claimant is actually paid the workers' compensation to which he is entitled - which, in this case, Tate was paid.  Indeed, as the Court of Appeals noted in Humphreys, the Commission has acknowledged that it has "'no jurisdiction to consider the employer's policies regarding sick leave or annual leave'"; rather, the Commission is only concerned with whether "'reinstatement of those [leave] benefits is proved'" when the employer is seeking the credit against the workers' compensation that is owed.  53 Va. App. at 362-63, 672 S.E.2d at 120 (quoting Myers v. City of Danville Police, VWC File No. 179-46-44, 1998 VA Wrk. Comp. LEXIS 4342, at *5 (April 28, 1998)).

[6] Regulation 5.7.1 of the City's regulations entitled "Worker's Compensation Administration" provides in relevant part:

> If the investigation of a claim is delayed or requires substantial time to make a determination of its compensability under workers' compensation, such as

For these reasons, we affirm the judgment of the circuit court dismissing the City's complaint in this case. This order shall be certified to the said circuit court and shall be published in the Virginia Reports.

_____

JUSTICE MILLETTE, with whom JUSTICE POWELL joins, concurring.

The majority today affirms the ruling of the circuit court dismissing the City of Danville's suit against Ryland Tate on alternative grounds. While I would likewise affirm the ruling of the circuit court, I would hold, as did the circuit court, that it lacked jurisdiction because exclusive jurisdiction lies with the Virginia Workers' Compensation Commission.

I am in agreement as to the relevant facts, and that the relevant Code section is § 65.2-520 of the Virginia Workers' Compensation Act, Code § 65.2-100 et seq. (the "Act"). The Code section, entitled "Voluntary payment by employer," states, in pertinent part:

> Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this title were not due

> occupational diseases of the heart, lung etc. an employee may elect to use his or her accumulated leave until such determination is made. Once a determination is made as to compensability under workers' compensation and indemnity payments are determined and the employee receives payment for this time, the check shall be endorsed to the City and the employee's leave will be reinstated.

(Emphasis added.)

6

and payable when made, may, subject to the approval of
the Commission, be deducted from the amount to be paid as
compensation . . . .

Id. Based on the plain meaning of this statutory language,
recovery of voluntary payments must be made "subject to the
approval of the Commission."  Thus, the central issue is whether
the sick leave payments constitute voluntary payments under Code
§ 65.2-520 such that recovery of these payments falls under this
section.  If the disputed monies are indeed voluntary payments
under Code § 65.2-520, both Virginia jurisprudence and the
statutory mandates of Code § 65.2-520 and Code § 65.2-700 squarely
place exclusive jurisdiction for such disputes under the purview of
the Commission.

The City argues that its payments were not voluntary because
the payments for sick leave were made according to City ordinances.
The City further argues that the payments were not voluntary
because, had Tate not received sick benefits in violation of City
policy, Tate had a right to sue the City in circuit court.  In
effect, the City contends that we must interpret "voluntary" to
mean only benevolent payments not required by a statute,
regulation, ordinance, or other legal mandate.

Code § 65.2-520 defines by its terms the types of payment
considered to be "voluntary" under the Act, however.  It states, in
pertinent part, that "[a]ny payments made by an employer to the
injured employee . . . which by the terms of this title were not
due and payable when made, may, subject to the approval of the
Commission, be deducted from the amount to be paid as
compensation."  (Emphasis added.)  Sick leave benefits utilized

7

after an accident are, clearly, "payments made by an employer to the injured employee."  Code § 65.2-520.  Regardless of whether a municipal ordinance, personnel policy, or other regulation requires payment of sick leave, sick leave is not mandated "by the terms of this title," i.e., the Virginia Workers' Compensation Act.  Code § 65.2-520.  It is, therefore, a voluntary payment for the purposes of the Act.

This question came before the Court of Appeals in Dodson v. Newport News Shipbuilding & Dry Dock Co., Record No. 0278-99-1, 1999 Va. App. LEXIS 493, at *6 (Aug. 10, 1999) (unpublished).  In Dodson, the Court of Appeals found:

> Code § 65.2-520 does not distinguish between types of "voluntary payments."  The statute states that any payment is voluntary which "by the terms of this title were not due and payable when made." . . .  We, therefore, hold that the definition of "voluntary payments" includes any type of payment not required under the Act, whether the payment is an overpayment as a result of a mistake by the employer or a payment of benefits pursuant to another statute.

Id.

As a "voluntary payment," employers are entitled to seek a credit for sick leave under Code § 65.2-520 when an employee receives a Workers' Compensation award, once leave is reinstated. Augusta County School Board v. Humphreys, 53 Va. App. 355, 362-63, 672 S.E.2d 117, 120-21 (2009).  By its explicit language, the statute requires that credit for such voluntary payments be repaid to employers "subject to the approval of the Commission," that is,

8

under the exclusive jurisdiction of the Commission.  Code § 65.2-520.

The majority concludes that "where the employer does not request a credit under Code § 65.2-520, the statute is simply not implicated and, accordingly, no authority of the Commission relative to sick leave pay is triggered." (Emphasis added.)  The majority's reliance on the fact that the employer in this case did not request a credit as a basis for its position that the Act does not apply is misplaced.  The employer does not have the option to circumvent the statute.  If the employer is going to seek a credit in any fashion from the employee, it must do so under Code § 65.2-520.  Whether recovery is sought in the form of signing over a portion of a compensation check or via direct reimbursement from the employee, it is nonetheless a deduction from compensation:  the recovery would not be sought had the employee not been compensated.  Thus, an employer's attempt to recover compensation funds following an employee's award, even if not a formal request of "credit," still substantively falls under this Code section.

Code § 65.2-700 states that the Commission "shall" determine "all questions arising under [The Workers' Compensation Act]." (Emphasis added.)  But for the fact that a workers' compensation award was given and the City is seeking recompense for its sick leave, the City would have no basis to allege a violation of the ordinance prohibiting "double dipping," i.e., receipt of both workers' compensation benefits and sick leave payment for the same period of injury.  Recompense for voluntary payments such as sick leave is directly addressed by Code § 65.2-520.  The question of recompense clearly "arises" under the title.

9

The misapprehension of this jurisdictional line is illustrated by the majority's selective use of language from Hartford Fire Ins. Co. v. Tucker, 3 Va. App. 116, 348 S.E.2d 416 (1986), apparently to stand for the proposition that the Commission's jurisdiction is too limited to encompass this case. Quoted more fully, the Court of Appeals stated:

> The purpose and effect of the Workers' Compensation Act (Act) are to control and regulate the relations between the employer and the employee. Fauver v. Bell, 192 Va. 518, 521, 65 S.E.2d 575, 577 (1951). While the . . . Commission has jurisdiction "to do full and complete justice in each case," . . . its jurisdiction does not extend to the litigation and resolution of issues between two insurance carriers which do not affect an award of the Commission. Generally, the Commission's jurisdiction is limited to those issues which are directly or necessarily related to the right of an employee to compensation for a work-related injury.

Id. at 120, 348 S.E.2d at 418 (emphasis in original). The full quote reveals that the Court of Appeals in Hartford was not stating that jurisdiction of the Commission is limited to causes of action by employees, but rather that its jurisdiction addresses relations between employers and employees as opposed to between two non-employee entities (insurance carriers). Where, as here, the dispute remains between employer and employee and the effectual ultimate award amount, jurisdiction properly remains with the Commission under Code § 65.2-700.

This Court has cited with approval the further statement by the Court of Appeals in Hartford that "[w]hen the rights of the claimant are not at stake, the Act clearly leaves the litigants to their common law remedies." Bogle Dev. Co. v. Buie, 250 Va. 431,

10

434, 463 S.E.2d 467, 468 (1995) (quoting <u>Hartford</u>, 3 Va. App. at 121, 348 S.E.2d at 419). Conversely, where, as here, the claimants rights <u>are</u> at stake, the Act requires litigants seek remedy before the Commission under Code § 65.2-700.

The larger damage to our statutory integrity that should concern this Court is that, despite the City's limited reason for seeking jurisdiction in the circuit court in this instance, there is no rational reason to limit this holding to retirees. Today's majority is an invitation for employers to skirt the long-respected jurisdictional boundaries created in the Virginia Workers' Compensation Act. Code § 65.2-520 is wholly ineffectual if it pertains merely to requests that employees endorse over a portion of their workers' compensation awards and not also to pursuits for monetary recovery of those same funds. The statutory scheme was clearly designed so that these disputes, which affect the rights of the employee, would be adjudicated before the Commission.

Today's holding is all the more disquieting due to the City's candid admission at oral argument that its reasons for seeking jurisdiction in the circuit court stem from its belief that, based on precedent, the City would not be successful in a suit before the Workers' Compensation Commission. The fact that the City lacks confidence that it would prevail under current precedent is an issue for the City to take up with the Commission or raise on appeal after bringing the issue before the Commission. Doubt in the merits of one's claim hardly forms a valid basis to bring a cause of action where jurisdiction does not lie.

Finally, even if a cognizable cause of action did exist today, the Virginia Code clearly takes precedence over any municipal

ordinance.  The Code grants the Commission exclusive jurisdiction over repayment of non-workers' compensation payments made by employers to injured parties during the period of their injury.

For the foregoing reasons, I respectfully disagree with the majority and would affirm the rationale of the trial court below, dismissing for lack of subject matter jurisdiction.

A Copy,

Teste:

Patricia L. Harrington, Clerk

12