UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, O'Brien and Senior Judge Frank
Argued by teleconference

NORTHERN VIRGINIA COMMUNITY
  COLLEGE/COMMONWEALTH OF VIRGINIA
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0213-20-2                        JUDGE WILLIAM G. PETTY
                                                    JULY 21, 2020
JAYANTHI EASWARACHANDRAN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Emily O. Sealy, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellant.

            No brief or argument for appellee.


        The Northern Virginia Community College (employer) was ordered to pay Jayanthi

Easwarachandran (claimant) $778.03, which was the cash value of sick and personal leave claimant

used during her recovery from a compensable work injury.  On appeal, employer argues that the

Commission erred in finding that employer did not reinstate claimant's leave and therefore

awarding claimant $778.03.[1]  For the following reasons, we disagree and affirm.

## I.  BACKGROUND

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"Under our standard of review, when we consider an appeal from the commission's decision, we

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although employer assigns four separate errors to the Commission's order, they all are
resolved by the one question we address here.

must view the evidence in the light most favorable to the party who prevailed before the commission." K & K Repairs & Const., Inc. v. Endicott, 47 Va. App. 1, 6 (2005).

The parties agree that claimant suffered a compensable work-related injury on August 18, 2016. Claimant was off work from August 18, 2016, to October 14, 2016, and used sick and personal leave to cover the gap in pay. Although her claim for benefits was initially denied, by early 2017, following her second claim for benefits, the parties agreed to enter a stipulated order awarding temporary total disability benefits from August 18, 2016 to October 14, 2016. Based on the pre-injury average weekly wage of $968.04, payment of temporary total disability benefits for this timeframe would total $5,347.27 ($645.36 per week for the time of disability).

In 2017, claimant filed a claim for payment of the stipulated award in addition to a twenty percent penalty for failure to make timely payment. The parties acknowledged that while claimant was not working, the employer compensated her by allowing her to use sick leave and personal leave and through payment of short-term disability benefits. She disputed, however, that the employer reinstated the expended sick and personal leave time. In response, employer defended that the claimant was paid full wages in the form of sick leave and short-term disability benefits; therefore, there was no requirement to pay temporary total disability benefits. Employer asserted that the claimant was paid $5,272.68 in payments termed "regular pay" and $4,671.68 in "disability pay." Employer sought a credit for the voluntary payments.

At the subsequent hearing before the deputy commissioner, employer's human resources analyst testified that claimant used sick leave during the first forty hours of her waiting period under short-term disability[2] and then used personal leave when she fell to eighty percent

---

[2] Code § 65.2-509 provides a statutory waiting period after an injury. The statute provides,

disability. The analyst explained that when the claim was approved in 2017, she reinstated the sick and personal leave that claimant was charged during the waiting period and when claimant went into eighty percent. She explained, however, that "because sick leave and personal leave [are] only used during the current year and then lost at the end of the year," claimant could not use any of the sick or personal leave reinstated to her because it had effectively expired.

The deputy commissioner issued an opinion ordering employer to make payment of compensation in accordance with the stipulated order plus twenty percent penalties for failure to make timely payment. Furthermore, the deputy commissioner held that there was nothing in the stipulated order to indicate that employer sought or was entitled to a credit for payment of sick or other leave, so that request was denied. Employer requested review of that order.

After remanding the matter back to the deputy commissioner for valuation questions, the Commission affirmed the award to claimant of the sick and personal leave, which was valued at $778.03. However, it reversed the deputy commissioner's denial of a credit to employer and credited employer with $5,347.27 based upon the stipulated dollar value of the short-term disability benefits paid during the agreed period of work-related disability from August 18, 2016 through October 14, 2016.

---

> No compensation shall be allowed for the first seven calendar days of incapacity resulting from an injury except the benefits provided for in § 65.2-603; but if incapacity extends beyond that period, compensation shall commence with the eighth day of disability. If, however, such incapacity shall continue for a period of more than three weeks, then compensation shall be allowed from the first day of such incapacity.

Therefore, "[a] timely claim for disability benefits must allege at least eight days of disability because the commission cannot award compensation for the first seven days of disability." Hospice Choice, Inc. v. O'Quin, 42 Va. App. 598, 602 (2004).

## II. ANALYSIS

Employer argues that the Commission erred in finding that employer did not reinstate claimant's leave and therefore awarding claimant $778.03. We disagree.

It is the burden of employer, the appealing party in this case, to demonstrate on appeal that the Commission's ruling constituted reversible error. Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012). "The Commission's factual findings bind [this Court] as long as credible evidence supports them," Riverside Reg'l Jail Auth. v. Dugger, 68 Va. App. 32, 37 (2017) (quoting Van Buren v. Augusta Cty., 66 Va. App. 441, 446 (2016)), such that "the existence of 'contrary evidence . . . in the record is of no consequence,'" City of Waynesboro v. Griffin, 51 Va. App. 308, 312 (2008) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229 (1991)). By statute, we treat the Commission's factfinding as "conclusive and binding" if it rests on a sufficient threshold of evidence. Berglund Chevrolet, Inc. v. Landrum, 43 Va. App. 742, 749-50 (2004) (quoting Code § 65.2-706(A)). "This appellate deference is not a mere legal custom, subject to a flexible application, but a statutory command." Id. (citation omitted). This command binds us so long as a "rational mind upon consideration of all the circumstances" could come to the conclusion the Commission adopted. K&G Abatement Co. v. Keil, 38 Va. App. 744, 756 (2002) (quoting Baggett Transp. Co. v. Dillon, 219 Va. 633, 637 (1978)).

The stipulated award in this case stated that claimant suffered a compensable injury and was entitled to an award from employer in the amount of $645.36 per week from August 18, 2016 through October 14, 2016, the time in which she was unable to work. Employer was also ordered to continue to provide medical treatment for claimant pursuant to Code § 65.2-603. However, although employer argues that claimant was paid full wages for the August 18, 2016 through October 14, 2016 time period, the parties agree that none of the pay claimant received

was from hours worked—it was all funded by the claimant's sick leave, personal leave, or short-term disability benefits.

It has long been established that where the claimant is entitled to payment of compensation benefits under the Virginia Workers' Compensation Act, the employer may not charge the lost time against the claimant's sick or vacation time. See Cain v. Perdue Farms, Inc., 71 O.I.C. 312 (1992); Berg v. City of Richmond, 47 O.I.C. 33 (1965). Furthermore, when compensation benefits are owed, the employer is not entitled to take a credit for such benefits against the claimant's accumulated leave. See Cain, 71 O.I.C. at 313; Berg, 47 O.I.C. at 34.

Because employer was ordered to pay claimant temporary total disability for the agreed disability period, any leave charged to claimant during that time should have been reinstated to her. However, it was not.

This Court addressed leave reinstatement in Augusta County School Board v. Humphreys, 53 Va. App. 355 (2009). In that case, in consideration of a statute of limitations question, this Court affirmed the Commission's interpretation of Code § 65.2-520[3] that "claimant is not required to buy back her leave balances, and the employer is entitled to a credit for wages it paid for sick leave, *where such leave has been reinstated*." Id. at 363 (internal quotation marks omitted). "In other words, the claimant gets her leave restored, and her workers compensation benefits[,] while the employer is granted credit against owed workers' compensation indemnity benefits for wages paid through the now-restored leave." Id. We noted in Humphreys that

> [w]hile the Virginia appellate courts have not addressed Code
> § 65.2-520 in the context here presented in a published decision,

___

[3] Code § 65.2-520 states, in relevant part,

> Any payments made by the employer to the injured
> employee during the period of his disability, or to his dependents,
> which by the terms of this title were not due and payable when
> made, may, subject to the approval of the Commission, be
> deducted from the amount to be paid as compensation . . . .

the commission, in applying this statute, has consistently held, at least since 1988,

> that the payment of wages to the employee based upon sick or annual leave may be credited to the employer under the provisions of Code § 65.1-72 [now Code § 65.2-520] *when leave is reinstated*. In the absence of an outstanding award of compensation, salary paid to the employee during his disability may be considered to be payment of compensation in the discretion of the Industrial Commission for purposes of "credit" under Code § 65.1-72.

Id. at 362 (emphasis added) (quoting Dyson v. Commonwealth, VWC File No. 129-25-08 (Va. Wrk. Comp. Comm. Oct. 11, 1988)). Furthermore, the Supreme Court, citing Humphreys, noted "that such approval of the treatment of sick leave pay as payment of workers' compensation benefits is conditioned upon the employer *simultaneously* reinstating the employee's sick leave." City of Danville v. Tate, 289 Va. 1, 3 n.4 (2015) (emphasis added).

In this case, employer received a benefit in that it did not have to pay compensation for that period the claimant used her accrued leave to compensate for time lost from work. However, instead of simultaneously reinstating the leave back to claimant, employer waited until the leave had expired before it was reinstated. This was the functional equivalent of giving the claimant a check drawn on a closed account. Employer agrees that the leave credited back to claimant in 2017 was of no value—it could only be used during the calendar year in which it accrued and could not be carried into the following calendar year. Nevertheless, employer argues that despite the reinstatement being of zero benefit to claimant, it should count for compliance with the stipulated order. Black's Law Dictionary defines "reinstate" as "[t]o place again in a former state or position; to restore." Reinstate, Black's Law Dictionary (11th ed. 2019). Clearly, claimant was not restored to her former position in this case by the purely ceremonial reinstatement of her lost 2016 leave. She could not use the reinstated leave or benefit

from it in any way; therefore, she was not placed in her former position of having that amount of leave available to her for use.

Employer essentially argues it is unfair for claimant to receive a windfall of the value of unusable reinstated leave; this argument is without merit. As noted above, the parties do not dispute the amount of leave charged to claimant and then unusable by her after the ineffectual reinstatement. They also do not dispute the valuation of the short-term disability to which she was entitled/paid. In fact, employer received a credit against that award for the disability it paid out to claimant already. Accordingly, because the leave used during the period of disability is now useless to claimant, employer did not comply with the stipulated award and must now pay claimant the dollar value of the leave used by claimant. The Commission's factual finding that the leave was not simultaneously reinstated was supported by credible evidence and is affirmed. See Dugger, 68 Va. App. at 37. Therefore, we also affirm the $778.03 award to claimant.

### III.  CONCLUSION

For the foregoing reasons, we affirm the decision of the Commission.

Affirmed.